## DARDEN *v.* STATE.

Opinion delivered December 17, 1904.

1. HOMICIDE—EVIDENCE.—Where, in a murder case, there was evidence that defendant armed himself with a gun and went to where deceased would pass in a wagon, and that several shots were fired, one of which killed deceased, testimony that four or five days after the killing a hole, apparently made by a gun, was discovered in a hub of the wagon on which deceased was killed, without any evidence connecting defendant with it, was inadmissible. (Page 319.)

2. CRIMINAL PROCEDURE—EXAMINING WITNESS IN DEFENDANT'S ABSENCE.—A defandant who was out on bail cannot complain that the examination in chief of a witness for the State was conducted in his absence if he was voluntarily absent, and his attorney was present, and if defendant never asked that the examination in chief of such witness be retaken. (Page 319.)

3. INSTRUCTIONS—GENERAL OBJECTION.—A general objection to the court's charge, consisting of four paragraphs, is insufficient if any one of them is good. (Page 320.)

4. CONVICTION OF MURDER—REDUCTION OF DEGREE.—Where, in a trial resulting in a conviction of murder in the second degree, errors were committed which may have affected the finding of murder in the second degree, but which would not have affected a finding of voluntary manslaughter, the cause may, in the absence of any showing of good reason to the contrary, be remanded to the circuit court with directions to sentence for the lower degree. (Page 320.)

5. CONSTITUTIONAL LAW—DUE PROCESS.—Where one accused of murder in the first degree was convicted of murder in the second, and the judgment was set aside for errors affecting only the conviction for murder in the second degree, the judgment of this court refusing a new trial and remanding the cause with directions to sentence him for voluntary manslaughter is not a deprivation of due process within the Fourteenth Amendment to the Constitution of the United States. (Page 321.)

6. BAIL BOND IN SUPREME COURT—FORFEITURE.—Where the defendant in a murder case has given a bail bond, under Kirby's Digest, section 2173, and the cause has been reversed and remanded with directions to the circuit court to sentence him for voluntary manslaughter, and that, in execution of the judgment of this court, he surrenders himself to said circuit court on the first day of its next term, under penalty of a forfeiture on his bond, it is too late for the State to ask for a forfeiture on the bond for defendant's failure to present himself in this court. (Page 323.)

Appeal from Prairie Circuit Court, Southern District.

GEORGE M. CHAPLINE, Judge.

Judgment modified.

*Trimble & Robinson* and *James B. Gray,* for appellant.

The accused must be present at every substantive step in the proceedings after indictment for felony. 62 Ark. 516, 537; 5 Ark. 431; 44 Ark. 331; 50 Ark. 492. This right can not be waived

by counsel. 24 Ark. 635; *Ib.* 629; 62 Ark. 537; 50 Ark. 492. The
court erred in giving instruction No. 1, upon the presumption of
malice from the use of a deadly weapon. Sand. & H. Dig. §
1642; 35 Ark. 601; 36 Ark. 133; 38 Ark. 285; 16 Ark. 628; 15
Ark. 492; 12 Ark. 421; 11 Ark. 212; 36 Ark. 133; 56 Ark. 17;
9 Am. & Eng. Enc. Law, 850; 6 L. R. A. 384, 387. The court
also erred in giving instruction No. 6. 37 Ark. 253. Also instruc-
tion No. 7. 58 Ark. 64; 58 Ark. 550. The court erred in modify-
ing and giving as modified the second instruction asked by appel-
lant. 58 Ark. 63; 60 Cal. 72; 1 Bish. Cr. Law, § 817; 1 Hale,
P. C. 479-480; 58 Ark. 64; *Ib.* 550.

*George W. Murphy, Attorney General,* and *F. T. Vaughan,*
for appellee.

BATTLE, J. During the February term, 1904, of the Lonoke
Circuit Court, an indictment for murder in the first degree was
found by the grand jury against J. W. Darden, charging him with
unlawfully, feloniously, with malice aforethought, with delibera-
tion and "meditation," killing and murdering J. H. Harvey, in
Lonoke County, in this State, on the 19th of October, 1903, by
shooting him with a gun loaded with bullets. The venue was
changed to the Southern District of the county of Prairie, where
he was arraigned, pleaded not guilty, was tried, convicted of mur-
der in the second degree, and condemned to be imprisoned eight
years in the penitentiary; and he appealed.

On the day of the killing Harvey abused and insulted Darden
by using insulting language and by pointing his pistol in his face.
A few hours after this Darden armed himself and went to the
road and stood where he knew Harvey would soon pass, hauling
cotton to a gin not far distant. In a short time Harvey came in
sight, riding on a wagon loaded with cotton, and driving the
team. Four shots were fired. One or more witnesses testified
that the first was fired by Harvey in the direction of Darden.
The other three were fired by Darden at Harvey, one of them
hitting and killing him. In a trial of Darden before a jury three
witnesses testified, over the objections of the defendant, that four
or five days after the killing a hole in a hub of one of the wheels
of the wagon on which the deceased was killed was discovered,
and that it had the appearance of having been made by a bullet

fired from a gun. No one knew when or where the hole was made. Its origin was unknown. Other evidence was adduced in the trial in behalf of both parties tending to prove the foregoing and other facts.

During the progress of the trial the court took a short recess, and, when it convened, counsel for the State and for the defendant announced that they were ready to proceed. A witness in behalf of the State, Mrs. Carrie Simmons, was then examined in chief, and about the time defendant's counsel, Joe T. Robinson, began her cross-examination the defendant and his counsel, T. C. Trimble, came into the court room. They had been out on the porch attached to the court room, a few feet away and in hearing. Defendant voluntarily absented himself, being on bail. Neither he nor his counsel asked that the witness be re-examined. All were present at her cross-examination by Mr. Robinson, who was present during her examination in chief, and all were present during her redirect examination.

The court, over the objections of the defendant, instructed the jury, in part, as follows: "If the jury believe from the evidence and circumstances, beyond a reasonable doubt, that defendant unlawfully killed James Harvey with a deadly weapon, the law presumes that such killing was done with malice."

The court on its own motion instructed the jury, in part, as follows: "The defendant is presumed to be innocent, and that presumption accompanies and protects him throughout the trial, until it is overcome by evidence establishing his guilt beyond a reasonable doubt.

"A reasonable doubt does not mean every doubt that may flit through your mind in a consideration of this case, but a doubt for which you could give a reason, if called upon to do so. If, after carefully considering the evidence and the law as given you, you find a doubt which leaves your mind unsatisfied, that will be a doubt to which the defendant is entitled to the benefit; but he is not entitled to the benefit of any doubts which may not have a reasonable foundation in the evidence and in the circumstances of the case.

"You are the sole judges of all questions of fact, and in this respect the court can not be of any aid to you. You have had an opportunity of observing the conduct of the witnesses while on the witness stand, as well as the interest which any witness may

have had in the transaction about which he may have testified, and these are matters which should be considered by you in determining the question as to the amount of weight that you are to give the evidence of any witness who has been introduced either by the State or the defense.

"It is your duty to arrive at a conclusion, in considering the facts and circumstances of this case, the same as you would come to a conclusion upon any other set of facts in life. There is no technical rule which prevents you from applying to them the same rule of common sense that you would apply to any other subject that might come under your consideration. If, therefore, after an impartial consideration of all the evidence, you can candidly say that you are not satisfied with the defendant's guilt, then you have a reasonable doubt, and you should acquit the defendant; but if, after such impartial consideration of all the evidence, you can truthfully say that you have an abiding conviction of the defendant's guilt, then you have no reasonable doubt, and it will be your duty to return a verdict of guilty."

To which, as a whole, the defendant excepted. Instructions on the law of self-defense were given over the objections of the defendant, and were asked by him and refused by the court. But as the undisputed facts show conclusively that the defendant did not act in self-defense, and was not excusable or justified in the killing of the deceased, it is not necessary to set them out in this opinion.

The testimony as to the hole in the hub of the wagon wheel was inadmissible. Its only effect, if any, was to show that the defendant was guilty of murder.

Appellant has no right to complain because Mrs. Simmons was examined in chief in his absence. He was on bail, and, under the statutes of this State, his trial, at the discretion of the prosecuting attorney, could have progressed to a verdict while he was not present. Sand. & H. Dig. § 2185; *Bond* v. *State*, 63 Ark. 504.* He was not misled. He was present at the cross-examination and redirect examination; and his attorney was present at the examination in chief; and he never asked that her examination in chief be retaken.

The court erred in instructing the jury that if "the defendant unlawfully killed James Harvey with a deadly weapon, the law

---

*See also Gore *v.* State, 52 Ark. 285.—(Rep.)

presumes such killing was done with malice." It deprived the defendant of the benefit of any provocation or mitigating circumstances connected with the killing that tended to mitigate the offense. There was evidence adduced at the trial tending to show that a few hours before the killing deceased grossly insulted and abused the defendant, and shortly thereafter shot at him, and that thereupon he killed the deceased by shooting him. The effect of the instruction was to withdraw this evidence from the consideration of the jury. In this way it was prejudicial.

The exception to the instruction given by the court on its own motion and copied in this opinion was general. The objection urged against it in this court is that the court said a reasonable doubt is one for which a juror could give a reason, if called upon to do so. If this be a defect, which we think it was, it should have been reached by a specific objection. It is one the court would have doubtless readily remedied if its attention had been called to it. The objection extended to the whole instruction, consisting of four paragraphs, and, one or more of these being sufficient, it should not have been sustained. See *St. L., I. M. & S. Ry. Co.* v. *Barnett,* 65 Ark. 255.

The errors of the circuit court that we have mentioned were only prejudicial in so far as they may have affected the finding of murder in the second degree. The defendant is undoubtedly guilty of voluntary manslaughter, if not of a higher offense. For this reason a majority of us are inclined to the opinion that the better course is to end the matter by remanding the case to the circuit court with an order to sentence the appellant for voluntary manslaughter, and in this way avoid the trouble, expense, delay and uncertainty of another trial. But, as counsel may have knowledge of facts which would make such a course unwise in this case, we have concluded to give them an opportunity to be heard before entering final judgment. An order will now be entered setting aside the judgment for murder in the second degree, with leave for either side to show cause within one week why the case should not be remanded to the circuit court with an order to sentence the defendant for voluntary manslaughter.

(At a subsequent day the court made an order remanding the cause to the circuit court with direction to sentence the defendant as above indicated.—Rep.)

ON REHEARING.

Opinion delivered January 21, 1905.

HILL, C. J. The court held there was error in the admission of evidence and in one instruction, but that said errors could only affect the conviction for murder in the second degree, because the evidence of the appellant and of the witnesses produced by him establish his guilt of voluntary manslaughter. The court then asked the Attorney General whether the State would prefer his conviction to stand for voluntary manslaughter or to take a new trial on the indictment. The Attorney General answered that the State preferred a sentence for voluntary manslaughter to another trial on the indictment. The court then ordered the case remanded to the Prairie Circuit Court with instructions to that court to sentence the appellant for the crime of voluntary manslaughter, and entered a judgment modifying the judgment of conviction of murder in the second degree to that extent.

The appellant files a motion for a rehearing, setting forth, among other grounds, that the judgment of this court refusing a new trial and remanding for sentence for the lesser crime than the one for which he was convicted, is a violation of the Fourteenth Amendment to the Constitution of the United States in that it is a denial of trial by jury, a part of the "due process" of law guarantied by that amendment.

The practice followed in this case was established in the case of *Simpson* v. *State,* 56 Ark. 19, and has been followed in many cases since, notably *Routt* v. *State,* 61 Ark. 594; *Eastling* v. *State,* 69 Ark. 189; *Vance* v. *State,* 70 Ark. 272. This practice has been sanctioned by the Supreme Court of the United States, *Ballew* v. *United States,* 160 U. S. 187, wherein the question was differently presented, but decided on the same principle that controlled the cases in this court.

The rule is thus stated by Mr. Justice Riddick in the Vance case: "It is, then, within our discretion to reverse the judgment and remand the case for a new trial on the whole case, or, as the exclusion of the evidence referred to could have affected the decree

S C 11

of murder only, we can set aside the judgment for murder in the first degree, and allow the verdict to stand for murder in the second degree."

Following these precedents, the court holds that it is not a denial of any right under the Constitution of the United States to order the lower court to sentence the defendant for voluntary manslaughter, and set aside the conviction for murder in the second degree, in order to sentence him to that grade of homicide.

So far I have spoken for the court, but I concur in the result above announced for different reasons than those stated in the opinion of the court by Mr. Justice Battle. I do not think the admission of the evidence of the shot in the wheel was error. It is true that quite a length of time elapsed from the shooting till it was discovered, but that was fully understood and merely tended to weaken the evidence, not render it inadmissible. The jury clearly understood that it was not positively proved that the shot was fired by Darden when he was shooting Harvey, but it was a circumstance tending to prove that it was fired then. The instruction held erroneous is certainly inaccurate, or rather not full enough. But the appellant did not point out its inaccuracy, which was more formal than real, and should have been called to the attention of the trial judge when the instruction was offered. Even if these matters were errors, in my opinion they could not have been prejudicial, for Darden's own evidence showed he was guilty of murder in the first degree. He had time to cool from his previous difficulty with Harvey, but, evidently in a spirit of revenge for indignities heaped upon him earlier in the day, he armed himself with a rifle, and went to meet his enemy at a point where he knew he would soon pass on a business trip. Even if Harvey opened fire with a pistol at the distance of 196 yards, as Darden's testimony tended to prove, Darden was not authorized, under the law, to advance to the encounter, especially with a long range rifle which killed, in this instance, at the distance of 196 yards, while Harvey's pistol could not carry one-fourth that distance. Harvey was fully justified in opening fire when appellant says he did; he had been given the right to do so by appellant's menacing attitude, but, taking all the evidence, I do not believe Harvey ever had his pistol in his hands. I can see no difference in the facts here than if Darden had concealed himself and shot from ambush. I was absent from the State when

the case was argued and determined, and did not participate in it heretofore, and therefore lost the benefit of the oral argument. But, in order to vote intelligently on this motion, I went through the evidence and instructions, and came to the conclusion stated. As the State is not willing to try him again, I have reluctantly decided to vote with my brothers to order him sentenced for voluntary manslaughter.

The discretion to be exercised by the judges under the rule in the Simpson case is one rarely to be exercised, in my opinion, and then only in extreme cases to prevent a miscarriage of justice, and where no possible prejudicial error occurred in the trial so far as the ultimate grade fixed is concerned. If I agreed with my brothers in this case that the alleged errors pointed out were prejudicial, I would vote for a new trial; but, not believing any prejudicial error has been committed, I can not vote for a new trial, and hence concur in the judgment.

The Attorney General has made a motion for a forfeiture on the bond for the failure of the appellant to present himself in court or in execution of the process of the court. The motion comes too late; no forfeiture was asked, and his presence here not demanded, and it is not to be presumed that he will not render himself in execution of the order of the court, which is that the cause is reversed and remanded to the Prairie Circuit Court, Southern District, with the direction that the appellant be sentenced for the crime of voluntary manslaughter, and that his conviction of murder in the second degree is modified to the extent that it is reduced to a conviction of voluntary manslaughter, and that in execution of the judgment of this court he surrender himself to said circuit court on the first day of its next term under penalty of a forfeiture of his bond.

Mr. Justice BATTLE dissented as to the motion of the Attorney General; concurring in the other modifications.