## CLINGAN v. STATE.

Opinion delivered November 18, 1905.

HOMICIDE—INSTRUCTIONS—SELF-DEFENSE.—An instruction in a murder case which seemed, standing alone, to cut off the right of self-defense was not prejudicial if other instructions given covered that defense; nor if there was no evidence to sustain the plea of self-defense.

Appeal from Sevier Circuit Court; JAMES S. STEEL, Judge; affirmed.

*W. H. Collins,* for appellant.

*Robert L. Rogers, Attorney General,* for appellee.

McCULLOCH, J. Appellant, T. E. Clingan, was indicted by the grand jury of Sevier County for the crime of murder in the second degree by shooting and killing one W. S. Keith. On trial he was convicted of involuntary manslaughter, and his punishment fixed at confinement for one year in the penitentiary.

Appellant is a physician residing at Walnut Springs, Sevier County, and W. S. Keith lived in that neighborhood. On the day of the killing the two men met in the village, when Keith accosted the defendant, complaining that defendant had made certain uncomplimentary remarks concerning members of his (Keith's) family, and he said that if defendant did so again he would whip him. Some of the witnesses stated that deceased said to defendant that, if defendant repeated the remarks about

his family, "he would take him by the heels, and slam his brains out." To this the defendant replied, "Very well," and the men separated, deceased resuming his seat in front of a shop with a small party of neighbors, and defendant walked into a drug store near by, and wrote a prescription for a patient. In a few minutes defendant came out upon the steps of the drug store, and called to deceased to come over there. Deceased arose, and walked toward defendant, and, when within a short distance from him, defendant drew his pistol, and snapped it at deceased, and the latter grappled with defendant, and both men fell inside the drug store, deceased falling upon defendant, and while in this position defendant fired the fatal shot. The witnesses introduced by the State testified that Keith had his pocket knife in his hand whittling, and that when defendant called him he arose and put the knife in his pocket, and took his hand out of his pocket before starting in the direction of defendant, and that his hands were swinging naturally by his side.

Defendant's version is substantially as follows: "After being in the drug store for a few minutes, I returned to the front, and said, 'Mr. Keith, step this way a minute.' He got up very rapidly, put his hands in his pockets, and came very rapidly toward me with an expression on his face that indicated excitement and anger. He seemed to be shoving up his sleeves. I called to him to stop, but he seemed to come faster. I drew my pistol, threw it on him, and it snapped. By this time he was almost on me, and as I turned to run into the drug store he caught me, and I fell on my back, and in that position fired the shot. We had been the best of friends, and my object in calling him was to ascertain why he had approached me in the manner he had. I did not anticipate trouble. I thought he put his hands in his pocket for a knife."

The instructions given by the court are too numerous to discuss in detail, but, after careful consideration of them all, we find no error in either giving or refusing instructions.

The only instruction given over the objection of the defendant which gives us any serious concern as to its correctness is as follows:

"If the jury believe from the evidence beyond a reasonable doubt that the defendant snapped the pistol at the deceased at a

time when deceased was making no demonstration of violence towards defendant, he cannot justify or excuse himself for killing deceased because deceased had sprung upon him after he had so snapped the pistol at him."

This instruction, in the abstract, would seem to cut off the right of the defendant to defend himself by killing Keith, even after he had sought in good faith to retire from the conflict; but when it is considered with several others given by the court, telling the jury plainly and explicitly that defendant would not be guilty if he in good faith believed that deceased was about to do him great bodily harm, and if he honestly sought to avoid killing deceased, we think that the meaning of the court could not have been misunderstood.

Moreover, we think that, viewing the testimony in any light, the jury could not properly have rendered a verdict of acquittal. According to the testimony of the defendant himself, he was guilty of voluntary manslaughter, so there could have been no prejudice in the instructions of the court. *Darden* v. *State,* 73 Ark. 315.

He called deceased, and, according to his own evidence, drew his pistol, and snapped it at deceased, without any effort whatever to avoid a difficulty. A plea of self-defense cannot be sustained under those circumstances.

Judgment affirmed.