## DARDEN v. STATE.

### Opinion delivered October 22, 1906.

1. APPEAL IN CRIMINAL CASE—DISMISSAL.—Where an appeal to this court in a felony case has been allowed by one of the judges thereof, a motion to dismiss the appeal for want of reasonable grounds does not lie. (Page 298.)

2. HOMICIDE—MODIFICATION ON APPEAL—VALIDITY.—In modifying a conviction of murder in the second degree so as to make it manslaughter and remanding the cause to the trial court with instructions to fix the punishment and impose the sentence, this court violates no right secured by the Constitution or laws of this State. (Page 299.)

3. CONSTITUTIONAL LAW—JURY TRIAL.—Neither the Federal Constitution nor the Fourteenth Amendment thereto guaranties a jury trial in any form to a person .charged with crime in a State court. (Page 300.)

Appeal from Prairie Circuit Court; *George M. Chapline,* Judge; affirmed.

*Trimble, Robinson & Trimble,* for appellant.

It is the duty of the jury to fix the punishment, and, except in cases of judgments upon confession until the question has

first been submitted to them, the court is not authorized to fix the punishment. Kirby's Digest, § § 2408, 2433. As illustrative of the spirit of the law in this respect, see art. 7, § 23, Const., forbidding trial judges from charging juries with reference to the facts. Where guilt is established, it is not error for the court to sentence for the lowest penalty, but in all other cases it appears that a jury should be impaneled to fix the punishment. 49 S. W. 795; 47 S. W. 772.

*Robert L. Rogers, Attorney General,* and *G. W. Hendricks,* for appellee; *Vaughan & Vaughan,* of counsel.

1. Until appellant was sentenced in conformity with the mandate, there was no final judgment which will confer jurisdiction on this court on appeal or writ of error. Judgment is not final until sentence is passed. 130 U. S. 167; 162 U. S. 326; 171 U. S. 447.

2. The question as to the power of this court to modify a judgment of conviction in a criminal case depends solely upon the construction of a State statute and its validity under the Constitution of the State. 56 Ark. 8; 61 Ark. 594; 69 Ark. 189; 70 Ark. 272. The right of trial by jury for violations of criminal laws of a State is guarantied by the State Constitution, and does not depend upon any provision in the Federal Constitution. The provision that the trial of all crimes, except in cases of impeachment, shall be by jury, in art. 3, sec. 2, U. S. Const., relates only to Federal courts. 128 U. S. 96; 134 U. S. 31. The 14th amendment in no way interferes with the right of the State to regulate such matters. 92 U. S. 90. See, also, 146 U. S. 314; 110 U. S. 516; 149 U. S. 645; 164 U. S. 705; 160 U. S. 187; 170 U. S. 262; 176 U. S. 581.

3. The right of the Supreme Court to modify a judgment of conviction is conferred by the State Constitution. Art. 7, § § 4 and 5. And in numerous cases it has exercised the right. 34 Ark. 232; 56 Ark. 8; 61 Ark. 594; 69 Ark. 189; 7 Ark. 272; 84 S. W. 507. The right is affirmed by the United States Supreme Court. 149 U. S. 70; 150 U. S. 260; 160 U. S. 187. See, also, 11 Enc. Pl. & Pr. 1068, par. 4; *Ib.* 1071, par, 5.

4. As to the motion to dismiss appeal:

(1)   The right of appeal is not a vested right.   2 Enc. of Pl. & Pr. 19 (*f*).

(2)   Sections 2583 to 2605, Kirby's Digest, refer to original appeals only.   They governed the first appeal, but do not apply to the case as now presented.

No substantial rights of appellant have been affected to his prejudice.   96 S. W. 150.

The former decision of the court in this case is the law of the case.   His right of appeal is gone.   2 Enc. of Pl. & Pr. 355, par. 7, notes 2 and 3; *Ib.* 356, note 5.

No appeal lies from a judgment entered in the trial court in accordance with a decision of the higher court on a prior appeal in the same case.   131 N. Y. 641.   The question sought to be raised here is *res judicata.*   2 Enc. Pl. & Pr. 373, par. 5; *Ib.* 374, and note.

(3)   Appellant's remedy was by mandamus.   Kirby's Digest, § 1186; 4 Ark. 302; 25 Ark. 527; 26 Ark. 231; *Ib.* 482; 5 Ark. 371; 43 Ark. 62; 6 Ark. 9; *Ib.* 437; 7 Ark. 233; 32 Ark. 462; 33 Ark. 468; 42 Ark. 410; 54 Ark. 551; 35 Ark. 298.   There was nothing left for the lower court to do but to comply with the mandate; and whether its action was judicial or ministerial, if its action accorded with this Court's judgment, it can not be reviewed on appeal.   97 U. S. 361; 103 U. S. 736; 150 U. S. 31; 80 Wis. 410; 24 Wis. 483; 50 Md. 132; 38 S. C. 216; 33 S. C. 599; 5 Ark. 200.

HILL, C. J.   This is the second appearance of this case in this court.   The case is first reported in 73 Ark. 315 (*Darden* v. *State*), where a conviction for murder in the second degree was reversed and judgment modified to sustain a conviction for manslaughter only, and the cause remanded to the circuit court for the circuit judge to fix the punishment for manslaughter and impose the sentence therefor.   The appellant filed a motion for a rehearing, in which he set forth, among other matters, that it was an infringement of his constitutional rights to be sentenced for manslaughter without another trial upon the indictment, claiming that his rights under both the State and Federal constitutions were violated by the action of the court.   That motion was overruled, and the original judgment directed to be carried into execution.

From this judgment a writ of error was prosecuted to the Supreme Court of the United States. The State moved in that court to dismiss the writ on the ground that the judgment of this court was not final, and said motion was sustained, and the writ dismissed. *Darden* v. *Arkansas,* 200 U. S. 615.

After the dismissal of said writ of error, the Prairie Circuit Court, in obedience to the mandate of this court, again assumed jurisdiction of the case.

The appellant there renewed the grounds of objection to the proceeding which he had presented upon the motion for a rehearing in this court. He alleged that he was not guilty of manslaughter, or any other crime, and demanded a trial by jury, and especially demanded that a jury be impaneled to determine the amount of punishment for the crime of manslaughter if the court held that he must be sentenced for that offence. He interposed in his behalf various sections of the Constitution of Arkansas, which he alleged were being violated by the proceedings against him, and also alleged that a sentence upon him without a jury having been first impaneled, sworn and charged to assess his punishment would be depriving him of his liberty without due process of law, in violation of the laws and Constitution of Arkansas and of the United States, and he demanded a new trial before a jury of his peers, and alleged that a sentence without such trial would be a violation of the Constitution of Arkansas and of the United States.

All these pleas were overruled, and the circuit court fixed his punishment at four years in the penitentiary, and sentenced him accordingly. The appellant then prayed an appeal to this court, which the circuit court refused to grant him.

The statutes provide that upon any conviction, other than for a capital offense, the circuit court may grant the defendant an appeal to the Supreme Court. In the event that the circuit court refuses to grant the appeal, then the appellant may lodge his transcript in the Supreme Court and apply to one of its judges for an appeal. The judge shall, after an examination of the transcript, allow the appeal unless he is satisfied that there are no reasonable grounds to believe that any errors prejudicial to the defendant have been committed, and that the appeal is prayed for delay only, in which event he shall refuse the appeal and so

indorse- it upon the transcript.   See Kirby's Digest, § § 2588,
2596, 2600.

The appellant pursued the statute in this case, and laid the
transcript before one of the judges of this court, who, after ex-
amining the same, granted the appeal.   The State now moves
to dismiss that appeal.

The question whether an appeal should lie was addressed, in
the first instance, to the circuit judge, and in the second instance
to the judge of this court to whom the application was made;
after either of those judges grants the appeal, then the appeal
is a fact accomplished; it is a closed incident, and is not subject
to dismissal in cases where an appeal lies; and this is an appeal-
able judgment.

Various cases are cited which arose under different practice
acts, but none has been found which will deny the right to hear
an appeal after it has been granted by one authorized by law to
grant it and the order appealed from is an appealable one.   It
is true that the appeal in this case presents a very narrow subject
of review; but, be it broad or narrow, it is here for decision.
The sole question is whether the circuit judge obeyed the man-
date of this court.   All other questions were precluded by the
former decision.

The question now is, not whether the appeal should have
been granted—for that has been done—but whether the judg-
ment should be affirmed or reversed.

The court complied with the mandate properly, and there
were no questions raised below which were not raised and con-
sidered on the former hearing of this case.  · The action of this
court in reversing the conviction for murder in the second degree
and directing a sentence for manslaughter—in other words, modi-
fying the conviction so as to make it manslaughter, instead of
murder in the second degree, and delegating the duty of fixing
the punishment and imposing the sentence to the circuit judge,
instead of exercising it here, is not a   violation of any rights
guarantied to the appellant by the Constitution or statutes of
Arkansas.   As pointed out in one of the former opinions in this
case,· the practice in this regard was established in an opinion
delivered by Chief Justice COCKRILL in *Simpson* v. *State*, 56 Ark.
19, and has been followed in many cases since.

The proceeding is not in violation of any of the provisions of the Federal Constitution or the amendments thereto. The case of *Maxwell* v. *Dow*, 176 U. S. 581, has put at rest any possible question in this regard. That case reviews many previous decisions of that tribunal, holding that the constitutional privileges of presentment by a grand jury and trial by jury are not rights guarantied by the Constitution or any of its amendments to proceedings in State Courts; that such privileges are not ones which the Federal Constitution, or any of its amendments, prevent a State from taking away from its citizens or citizens of other States within its borders. It is expressly held that the Fourteenth Amendment does not prohibit a State from abolishing trial by jury, as understood at common law.

Hence it follows that the asserted deprivation of rights secured by the Federal Constitution and the Fourteenth Amendment thereto are groundless because the Federal Constitution and Fourteenth Amendment do not guaranty a jury trial in any form to a person charged with crime as one of the rights the States are required to give. Therefore, if the contention was true that the rule in the Simpson case which is applied here denied a right of trial by jury, there would be no violation of the Federal Constitution or the Fourteenth Amendment thereto or any other amendment, but only a violation of the State Constitution, and this court has often held that such is not the case.

Judgment affirmed.