PITTMAN v. STATE.

Opinion delivered October 28, 1907.

1. CRIMINAL LAW—INSTRUCTIONS.—It was prejudicial error, in a prosecution of a minor under 18 years of age for a felony, to instruct the jury that if the defendant is convicted he will be transferred from the Penitentiary to the Reform School. (Page 293.)

2. HOMICIDE—DISCRETION AS TO REDUCTION OF PUNISHMENT.—Where appellant was convicted of manslaughter upon evidence that sustained the conviction, but error was committed by the trial court which

might have aggravated the punishment, the Supreme Court has the discretion either to remand the case for a new trial or to reduce the punishment to the minimum punishment for manslaughter. (Page 294.)

Appeal from Scott Circuit Court; *Daniel Hon*, Judge; reversed.

*Youmans & Youmans,* for appellant.

1. Instruction 4 given on the court's own motion was erroneous and misleading. It had a tendency to cause the jury to return a verdict for a higher grade of homicide. It induced them to surrender their conviction as to the innocence of defendant and consent to conviction under the belief his punishment would be light.

2. It is not the law. Acts 1905. § 6, p. 518.

*William F. Kirby,* Attorney General, and *Daniel Taylor,* Assistant, for appellee.

BATTLE, J. Tom Pitman was indicted in the Scott Circuit Court, at its February, 1907, term, for murder in the first degree for the killing of Walter Baucum on the 31st day of January, 1907. The killing occurred at a school house near Waldron, in Scott County. There was a school taught in the school house at the time. Pitman and the deceased were attending the school. Pitman was fourteen years of age, and the deceased was seventeen or eighteen. At noon in the recess of the school they became embroiled in a difficulty, which led to blows, and ended in the killing of the deceased by Pitman stabbing him with a knife. The circumstances of the killing were shown by the evidence adduced in the trial. The court instructed the jury as to what is necessary to constitute murder in the first and second degree and manslaughter and justifiable homicide; and, over the objection of the defendant, instructed them as follows: "Under the law, if you find the defendant guilty of either murder in the second degree or manslaughter, he, being under the age of eighteen years, *will be transferred from the Penitentiary to the Reform School,* but this fact should not influence the jury one way or the other in determining the guilt or innocence of the defendant." The jury found the defendant guilty of manslaughter, and assessed his punishment at three years and three months in the penitentiary. He appealed to this court.

The law fixes the punishment for murder in the second degree and manslaughter at imprisonment in the Penitentiary. The effect of the above instruction might have been to induce the jury to fix the punishment of the defendant nominally at three years and three months' imprisonment in the Penitenitary, but really so many years and months in the Reform School, to fix the punishment upon the belief he would not undergo it, but be committed to the Reform School; and the consequence might have been the increase of his punishment.

The instruction was based on section 6 of the act entitled "An act to establish a reform school for juvenile penitentiary convicts," approved April 25, 1905, a part of which is as follows:

"All convicts in the Penitentiary now, and all persons hereafter sentenced to the Penitentiary under the age of eighteen years, and all present and future Penitentiary convicts under eighteen years of age, shall be committed to a place in said Reform School by said board; provided, said persons under 18 years of age convicted of a felony may be sent to the Penitentiary if in the judgment of the trial judge such course may be expedient."

The instruction does not conform to this statute. Under the statute the disposition that will be made of the defendant, if convicted, is not determined nor intended to be known until after his conviction. He may be committed to the Reform School by the "board of commissioners to manage the Penitentiary" or may be sent by the trial judge to the Penitentiary. Under the law his punishment, if convicted of murder in the second degrees and manslaughter and justifiable homicide; and, over would be if it was known he would suffer it in the Penitentiary.

We do not decide that it would be proper to give the statute or substance of it, in any case, as an instruction to the jury. It is not necessary to do so in this case.

As it is within our discretion to reverse the judgment and remand the case for a new trial on the whole case, or reduce the punishment of appellant to the minimum punishment for manslaughter (*Vance* v. *State,* 70 Ark. 277, 286; *Simpson* v. *State,* 56 Ark. 19; *Darden* v. *State,* 73 Ark. 315), we reverse and remand.

ON REHEARING.

Opinion delivered November 23, 1907.

PER CURIAM. Appellee moves the court to grant a rehearing in this case on the ground that this court erred in reversing the judgment of the circuit court therein on account of error in an instruction. That instruction was held to be erroneous because it told the jury what disposition would be made of the appellant in the event that he was found guilty. We still adhere to that opinion for the reason given in the opinion of the court and the additional reasons given in the dissenting opinion of Justice McCULLOCH in this cause.

The majority of the judges are, however, of the opinion that the court may have given in instructions to the jury so much of section 6 of the act entitled "An act to establish a reform school for juvenile penitentiary convicts," approved April 25, 1905, as is set out in the opinion, without indicating in any manner what disposition would have been made of the appellant in the event he was convicted. In that way the objections to the instructions given would have been avoided.

Appellee, in effect, contends that the punishment should have been reduced by this court to the minimum for manslaughter, instead of remanding the cause for a new trial. The reason given for this contention is that the evidence adduced in the trial in the circuit court shows that appellant is guilty, and that the latter course would save costs. In cases where a man's life or liberty is involved the question of costs should not be considered or control. He should not be sent to the Penitentiary to save costs. It was within our discretion to reverse the judgment of the circuit court and remand the cause, instead of reducing the punishment. *Vance* v. *State,* 70 Ark. 285; *Simpson* v. *State,* 56 Ark. 19; *Darden* v. *State,* 73 Ark. 315, 321.

The fact that the evidence in the first trial was sufficient to sustain the verdict of the jury does not necessarily control our discretion. Other additional evidence may be adduced in a second trial.

Motion overruled.

McCULLOCH, J., (dissenting). I concur in the opinion expressed by this court that the trial court erred in its instruction to the jury covering the effect of a verdict of conviction. I do not think it would have been erroneous for the court in an appropriate way to have informed the jury that the defendant, if convicted, would be transferred from the Penitentiary to the Reform School unless the trial judge should otherwise order. But, if the jury is instructed at all on this point, the law must be correctly given, and it is not proper for the court to tell the jury, in advance of conviction, what the order of the count will be, for that might operate to the defendant's prejudice. If the jury is told in advance that the court will make an order vetoing the transfer of the defendant from the Penitentiary to the Reform School, that might be taken as an instruction that the defendant is considered a fitter subject for the Penitentiary than for the Reform School; and if, on the contrary, the jury is told that it is the intention of the court, in the event of a verdict of conviction, not to vote a transfer to the Reform School, that might induce infliction by the jury of a severer sentence than if it was thought that the defendant would be sentenced to the Penitentiary. Jurors are generally alert to catch the slightest intimation from the court as to its opinion on the weight of the evidence or as to the effect which the evidence has made upon the mind of the trial judge, and he should exercise the utmost care and circumspection not to say anything to the jury which might be understood as an intimation of the court's opinion upon the facts of the case.

I dissent, however, from the conclusion reached by the majority of the judges here that this case should be remanded for a new trial. The only prejudice which could possibly have resulted from the erroneous construction was to have augmented the punishment. I think all prejudice could be removed by reducing the punishment to the lowest term for the degree of homicide of which the defendant was found guilty by the jury; and I think this should be done, and the judgment affirmed.

It is the province and duty of this court only to eliminate error in the proceedings and to stop there. If the extent of the prejudicial effect of the error is apparent, so that it can be separated and eliminated from the judgment, it is the duty

of the court to do so, and not to reverse that part of the judg-
ment which is not affected by the error.  This view has often
been expressed by this court, and that practice has been adopted
and followed in an unbroken line of decisions in criminal cases.
*Brown* v. *State,* 34 Ark. 232; *Simpson* v. *State,* 56 Ark. 8;
*Routt* v. *State,* 61 Ark. 594; *Vance* v. *State,* 70 Ark. 277;
*Darden* v. *State,* 73 Ark. 315; *Petty* v. *State,* 76 Ark. 515;
*Howard* v. *State,* 82 Ark. 97; *Washington* v. *State,* 83 Ark.
268.

In *Simpson* v. *State, supra,* Chief Justice COCKRILL, speak-
ing for the court, said: "The only error committed was in the
excess of the punishment.  In other States where statutes au-
thorize courts to modify the judgment of the circuit courts in
criminal cases, the remedy in a case like this is found, not in
a new trial, but by reducing the punishment to make it appro-
priate to murder in the second degree.  The court finds no
constitutional obstacle to such a practice.  *  *  *  It is the es-
tablished practice under our statute that a new trial shall not
be awarded for an error not prejudicial to the prisoner."

In *Routt* v. *State, supra,* Mr. Justice RIDDICK, in delivering
the opinion, said: "The fact that the defendant was found guilty
of a greater crime than was warranted by the evidence does
not compel us to set aside the entire conviction when it is in part
clearly correct.  It was to avoid such an unreasonable and costly
procedure that the statute above referred to was enacted.  The
defendant in this case was sentenced to imprisonment for ten
years, when the maximum punishment for larceny of money
is imprisonment for five years.  Under the statute and the au-
thorities above cited, we will relieve the defendant from the ex-
cessive judgment, of which he has the right to complain, but
affirm the conviction to the extent that it seems clearly right."

I see no reason why this salutary rule should not be fol-
lowed in the present case.  The defendant has been convicted
of the crime of manslaughter upon evidence which this court
finds sufficient, and upon instructions free from error, so far as
the question of his guilt or innocence is concerned.  In other
words, this court finds the proceedings to be entirely free from
error save as to the amount of the punishment.  Then why
should we not eliminate the error by reducing the punishment

to the minimum prescribed by the statute, and affirm the judgment of conviction? Why should we remand the cause for new trial when the defendant has already had a fair trial on the question of his guilt or innocence, and has been convicted? I dissent from any such course.

Mr. Justice WOOD concurs in the dissent.