BRIGGS *v*. JONES.

## Opinion delivered February 18, 1918.

1.  APPEAL AND ERROR—TRIAL—IMPROPER ARGUMENT—EFFECT OF RE-
    FUSAL TO ADMONISH JURY.—The refusal of the trial court to cor-
    rect counsel, where he has made an improper statement of the law
    in his argument, is tantamount to the giving of an erroneous in-
    struction on the subject.
2.  ADVERSE POSSESSION—PEACEABLE POSSESSION.—A mere quarrel over
    the title to land does not prevent the possession of the party in
    possession from being peaceable, for purposes of acquiring title by
    adverse possession.
3.  ADVERSE POSSESSION—PEACEABLE AND HOSTILE POSSESSION.—The
    occupancy, whether denominated peaceable or hostile, must be
    accompanied by an intent to hold adversely to the true owner,
    and, while there need not be a dispute in order to make the pos-
    session hostile, the word peaceable as employed by the courts in
    announcing the elements of possession which may ripen into title,
    means that the possession must be so undisturbed as to render it
    continuous.

Appeal from Nevada Circuit Court; *Geo. R. Haynie,*
Judge; reversed.

*J. O. A. Bush,* for appellants.

1. The appellee is barred by limitation, even if a
tenant in common. 1 R. C. L. 742, par. 62; 2 C. J. 168,
par. 322.

2. The argument of counsel was erroneous and
prejudicial. 28 C. C. 678; 2 C. J. 68, note 33; 117 Ark.
551.

*McRae & Tompkins,* for appellee.

1. Appellee was a daughter of Scott Jones. The
evidence is conclusive.

2. She is not barred. She is a cotenant with appel-
lants and their possession was not hostile and adverse.
20 Ark. 359; 99 *Id.* 87; 61 *Id.* 541. See also 110 *Id.* 571;
65 *Id.* 442; 57 *Id.* 105; 117 *Id.* 579; 61 *Id.* 528; 99 *Id.* 84.

3. The argument of counsel was not erroneous nor
prejudicial. It was invited and legitimate under the evi-
dence and instructions.

SMITH, J.   This is a suit in ejectment, and involves the title to a quarter section of land which was owned by one Scott Jones, at the time of his death.   Jones died in 1884, and was survived by his widow and two daughters, whose names were Frances Briggs and Malissa Saunders, who were living with him on the land at the time of his death.   The widow died in 1907, since which time the land has been in the possession of the two daughters named above.   Lucy Jones brought this suit to recover an undivided one-third interest in the land, and for cause of action, alleged that she was a child of Scott Jones, born before the Civil War of a slave marriage, and, upon the trial of this issue, recovered judgment for the share sued for. It is now conceded that the evidence is legally sufficient to support the verdict on this issue, but it is alleged, as ground for the reversal of the judgment, that prejudicial error was committed in the argument of the case before the jury by counsel for plaintiff.

In defense of the suit it was not only denied that Lucy Jones was the child of Scott Jones, but it was alleged that any cause of action on her part was barred by the statute of limitations.   It was conceded that the defendants had held the possession of the land for more than seven years, but it was contended that, inasmuch as the parties were tenants in common, their possession was not adverse.   Lucy Jones testified that about three years before beginning this suit she demanded that her interest in the land be set apart to her, and, when the occupants denied that she had any interest, they had a fuss.

The court gave instructions correctly submitting the issues to the jury, but in his closing argument to the jury counsel for plaintiff said:   "The defendants' possession of the land was not peaceable possession within the meaning of the instructions, because Lucy Jones went down there and they had a row about it."   Objection was made to this argument, but the court refused to admonish the jury that counsel had not correctly interpreted the instructions on this subject.   The argument was well calculated to produce an erroneous impression on the jury

and to have a highly prejudicial effect, for its meaning was that the row over the right of possession had the effect to break the continuity of the existing adverse possession and to form a new period from which the statute must run before title could thereafter be acquired by adverse possession. The refusal of the court to correct counsel in his argument was, under the circumstances, tantamount to the giving of an erroneous instruction on the subject. *Davie* v. *Padgett,* 117 Ark. 551.

That the argument was improper is apparent from a consideration of the cases which discuss the character of possession which may ripen into title. A number of such cases are found in our own reports. **It is true that** a number of these cases say this possession must be peaceable, as, for instance, in *Jeffery* v. *Jeffery,* 87 Ark. 496, the court said: ''Plaintiffs and their ancestors must have held open, notorious, peaceable, continuous, and adverse possession of the lands for more than seven years to amount to an investiture of title.'' Similar language was used by Judge BATTLE in the case of *Scott* v. *Mills,* 49 Ark. 266. Each of these cases cite other opinions of this court to the same effect. But an equal, if not a larger, number of cases say the possession must be hostile. See *Watson* v. *Hardin,* 97 Ark. 33; *Nicklace* v. *Dickerson,* 65 Ark. 422, and cases cited in each of these cases. In the common acceptation of these words, a possession could not be, at the same time, both peaceable and hostile, yet, as anomalous as it may appear to be, the words have been used interchangeably by this court in discussing the law of adverse possession. The occupancy, whether denominated peaceable or hostile, must be accompanied by an intent to hold adversely to the true owner, and, while it is held that there need not be a dispute in order to make the possession hostile (2 C. J. 122), it is also held that the word peaceable, as employed by the courts in announcing the elements of possession which may ripen into title, means merely that the possession must be so undisturbed as to render it continuous. **2 C. J. 168.**

· ˙ The court should have told the jury that a mere quarrel over the title did not prevent the possession from being peaceable within the meaning of the instructions which had been given on that subject.

Other errors are assigned, but we do not think they are sufficiently meritorious to require discussion.

For the error indicated the judgment is reversed and the cause remanded for a new trial.