BIRD v. STATE.

Opinion delivered June 19, 1922.

1. HOMICIDE—ABSTRACT INSTRUCTIONS HARMLESS WHEN.—In a prose-
   cution for murder in the second degree, instructions usually given
   in trials for murder in the first degree were abstract and im-
   proper, but were not prejudicial where the instructions as a whole
   made plain the charge on which the cause was submitted, and
   defendant was found guilty only of voluntary manslaughter,
   which was included in the allegations of the indictment.

2. CRIMINAL LAW—IMPROPER ARGUMENT.—In view of Crawford &
   Moses' Dig., § 804, providing that persons under 18 convicted
   of a felony may be sent to the penitentiary if the trial judge
   deems such course expedient, argument of counsel assisting the
   State in a prosecution of a 13-year-old boy for murder in the
   second degree that defendant, if convicted, would not be sent to
   the penitentiary but would serve his term in the reform school,
   at least until he was 21, when sanctioned by the court, was erro-
   neous and prejudicial.

Appeal from Conway Circuit Court; *J. T. Bullock,*
special judge; reversed.

*W. P. Strait,* for appellant.

*J. S. Utley,* Attorney General; *Elbert Godwin* and
*W. T. Hammock,* Assistants, for appellee.

SMITH, J. Appellant, a thirteen-year-old boy, was
tried under an indictment charging him with the crime
of murder in the second degree, and was convicted of
voluntary manslaughter and his punishment fixed at
two years in the penitentiary, and he has appealed.

His defense was that the killing was an accidental
one, and the case was tried on that theory. Certain as-
signments of error relate to the admission and exclusion
of testimony; but we find no error in these respects.
Other assignments of error relate to the giving of and
refusal to give certain instructions; but we think the case
was submitted under instructions fully and correctly de-
claring the law. It does appear that several of the in-
structions given were those usually given in the trial of
persons charged with murder in the first degree. They
were therefore abstract, and should not have been given,

but they were not prejudicial, as the instructions, considered as a whole, made plain the charge upon which the cause was submitted to the jury, and the defendant was found guilty only of the offense of voluntary manslaughter, a charge included in the allegations of the indictment.

In the argument before the jury special counsel representing the State referred to appellant's age, and stated the fact to be that a convicion would not mean a sentence to the penitentiary or service of a term therein, but that it meant only a term in the reform school. An objection to this argument was overruled. Before concluding his argument special counsel said: "Gentlemen of the jury: If you convict the defendant he will not be sent to the penitentiary, for under the law he would serve his term in the reform school; he would never see the penitentiary. If he was convicted for a long term he would go to the reform school until he was 21 years old and then be transferred to the penitentiary." Counsel for appellant renewed his objection to this argument, whereupon the following colloquy occurred: "COURT: Mr. Gordon, I think you have gone far enough in that argument." Mr. Gordon turned to the court and said: "That is the law; will the court not permit me to state the law to the jury?" And the court replied: "I have permitted you to state it once, but think that is sufficient." To this statement and the ruling thereon appellant at the time objected and saved his exceptions.

In view of the record which we have set out, it appears that the court sanctioned, as a declaration of the law, the statement of the special counsel for the State that, if appellant were convicted it did not mean a term in the penitentiary but only a term in the reform school, and the ruling was tantamount to an instruction by the court. *Briggs* v. *Jones,* 132 Ark. 455; *Davie* v. *Padgett,* 117 Ark. 551.

Was error committed in this ruling?

Counsel did not correctly state the law. By section 804, C. & M. Digest, it is provided that "all convicts in

the penitentiary now, and all persons hereafter sentenced to the penitentiary, under the age of eighteen years, * * * * shall be committed to and placed in said reform school by said board; provided, said persons under eighteen years of age convicted of a felony may be sent to the penitentiary, if, in the judgment of the trial judge, such course may be expedient * * * * * ".

The ruling of the court on the argument of counsel presents the same question considered by the court in the case of *Pittman* v. *State,* 84 Ark. 292, where Judge BATTLE, speaking for the court, said: "The instruction does not conform to this statute. Under the statute disposition that will be made of the defendant, if convicted, is not determined nor intended to be known until after his conviction. He may be committed to the reform school by the 'board of commissioners to manage the penitentiary' or may be sent by the trial judge to the penitentiary. Under the law his punishment, if convicted of murder in the second degree or manslaughter, should be fixed in the manner it would be if it was known he would suffer it in the penitentiary." An error in this quotation appears in the official report of this case in 84 Ark., but we give the quotation as it appears in the original opinion and in 105 S. W. 874.

So here it was erroneous to tell the jury that appellant would be sent to the reform school, and not to the penitentiary, for the statement to that effect, sanctioned by the court, may have influenced the jury in returning a verdict of guilty; whereas appellant was entitled, under the law, if convicted, to have his punishment assessed as it would have been if it had been known he would suffer it in the penitentiary.

Other assignments of error are discussed; but inasmuch as they relate to matters not likely to recur at the trial on the remand of the cause, we pretermit a discussion of them.

For the error indicated the judgment is reversed and the cause remanded for a new trial.