SNYDER *v*. STATE.

Opinion delivered November 6, 1922.

1. CRIMINAL LAW—OBJECTION TO INSTRUCTION—SUFFICIENCY OF SHOWING.—The affirmative showing in the bill of exceptions signed by the judge that an objection was made and exception saved to the giving of a certain instruction was not abrogated by the added statement of the judge that he did not remember whether exception was saved or not.

2. CRIMINAL LAW—INSTRUCTION AS TO PUNISHMENT OF WOMEN.—An instruction that, in the event of a conviction and a term of imprisonment, the defendant will be imprisoned in the women's reformatory, is error and prejudicial.

Appeal from Pulaski Circuit Court, First Division; *John W. Wade*, Judge; reversed.

*J. A. Weas* and *Lewis Rhoton*, for appellant.

*J. S. Utley*, Attorney General, *Elbert Godwin* and *M. T. Hammock*, Assistants, for appellee.

HART, J. Annie Snyder prosecutes this appeal to reverse a judgment of conviction against her for voluntary

manslaughter charged to have been committed by killing Thos. Stovall in Pulaski County, Ark.

This is the second appeal in the case. See *Snyder v. State,* 151 Ark. 601. Upon the former appeal the judgment was reversed for the reason that the trial court accepted a juror who was disqualified because he had a fixed opinion on the merits of the case, based upon a statement of facts by the witnesses on both sides.

Upon the re-trial of the case the court gave to the jury the same instructions as upon the original trial. It is now insisted that the court erred in giving instruction No. 18, which reads as follows:

"You understand that, in the event of a conviction and a term of imprisonment, the imprisonment will not be in the State Penitentiary, but in the Women's Reformatory or institution near Jacksonville in this county." The record also shows the following:

"The defendant at the time objected to instruction No. 18, as given to the jury, objected to the giving of same, which objection was by the court overruled, to which ruling of the court the defendant at the time excepted, and asked that her exceptions be noted of record, which was accordingly done."

The court added the following: "Mr. Rhoton says that exceptions to all instructions were saved, which the court does not sufficiently remember to affirm or deny." After copying this statement into the record, the trial judge signed the bill of exceptions which contained the recitals above set forth with regard to giving instruction No. 18.

It is contended by the Attorney General that the added statement by the trial judge had the effect to show that no exceptions were saved to the giving of instruction No. 18.

We cannot agree with him in this contention. The bill of exceptions as signed by the trial judge expressly recites that an objection was made to the giving of the instruction, and that exceptions were saved to the ruling

of the trial court in giving it. This affirmative showing of the record could not be abrogated by the mere remark of the trial judge that he did not remember whether or not Mr. Rhoton had saved exceptions to the giving of the instruction. The fact that the trial judge signed the bill of exceptions containing an affirmative showing that exceptions were duly saved to the giving of the instruction, must control here. If the trial judge wished to change the bill of exceptions so as to eliminate the fact that exceptions had not been saved to the giving of instruction No. 18, he should have done so by marking out the language showing that such exceptions were saved, or he should have, by appropriate language, so indicated. Having allowed the record to remain as prepared and presented to him, he could not eliminate the exceptions by a simple statement that he did not remember about the matter.

Because the record contains an affirmative statement that exceptions were saved to the giving of the instruction, we must consider the assignment of error based upon the court giving the instruction. This being so, it is conceded by the Attorney General that the giving of the instruction was erroneous and prejudicial within the rule announced in *Pittman* v. *State,* 84 Ark. 292; *Bird* v. *State,* 154 Ark. 297, and *Mitchell* v. *State, ante,* p. 413.

Our attention was not called to any alleged errors in the instructions upon the former appeal, and for that reason we did not discuss or consider them.

Therefore, for the error in giving instruction No. 18, the judgment must be reversed, and the cause remanded for a new trial.