Carr v. State of Arkansas.

Affirmed.

---

## CARR v. STATE OF ARKANSAS.

1. EVIDENCE : *Impeaching witness : Indictment for felony.*
   The State cannot impeach the character of a witness, nor discredit

him before the jury, nor impair the weight of his testimony by
evidence that he had been *indicted* for a felony.

2. SAME : *Excluding improper, from jury :   Presumption as to ver-
dict.*

Where improper evidence is admitted and afterwards excluded
from the jury, it is presumed that their verdict is based upon le-
gal testimony only.

3. RES GESTAE :   *What are ?*

*Res Gestae* are the surrounding facts of a transaction, explanatory
of an act, or showing a motive for acting.   They may be submit-
ted to the jury provided they can be established   by com-
petent means, sanctioned by the law, and afford any fair pre-
sumption or inference as to the question in dispute.

4. SAME :   *Same.*

Circumstances and declarations contemporaneous with the main
fact under consideration, or so nearly related to it as to illustrate
its character and the state of mind, sentiments and disposition
of the actors are parts of the   *res gestae*—are regarded as verbal
facts indicating a present purpose and intention and therefore
admitted in proof as any other material facts.   And they need
not be strictly coincident as to time, if they are generated by an
excited feeling which extends without break or let down from
the moment of the event they illustrate ; but they must stand in
immediate causal relation to the act and become part, either of
the action immediately preceding it, or of action which it im-
mediately precedes.

5. CRIMINAL PRACTICE :   *Admission of evidence :*

The Circuit Courts should, in the trial of criminal causes, admit all
testimony offered, of which they doubt the competency.

6. ARREST :   *Killing a resisting or flying felon :*

If a felon resist arrest or fly so that he cannot possibly be appre-
hended alive by those who pursue him, whether private persons
or public officers, with or without a warrant from a magistrate,
he may be lawfully slain by them.

7. ARREST :   *Who may make.*

Where a felony has in fact, been committed, either an officer or a
private citizen who has reasonable ground to suspect a particular
person may, acting in good faith, arrest him, without incurring
any liability, civil or criminal, though the suspicion prove un-
founded.   But if no offence be in fact committed a private per-

Carr v. State of Arkansas.

son making such arrest will not be justified by such suspicion and good faith, though an officer will be.

8. CRIMINAL LAW : *Liability for acts of accomplices.*

When persons combine to do an unlawful thing, if the act of one proceeding according to the common plan, ends in a criminal result, though not the particular result intended, all are liable.

APPEAL from *Howard* Circuit Court.

Hon. H. B. STUART, Circuit Judge.

*Dan W. Jones, J. E. Borden* and *W. G. Whipple* for appellants.

1. It was improper to require defendant's witnesses to answer whether they had not been indicted for this same crime. *Anderson, v. State,* 34 *Ark.,* 257. This was not cured by the court directing the jury to exclude from their consideration and pay no attention to the fact that they had once been so indicted. 123 *Mass.,* 222 ; 25 *Am. Rep.,* 85.

2. Evidence of what was said and done at the church the night before, was clearly admissible as part of the *res gestae.* 1 *Bishop Cr. Pro., Sec.* 1085.

3. By the laws of this State any person may arrest one who he has reasonable cause to believe has been guilty of felony. *Gantt's Dig., Sec.* 1679 ; 33 *Ark.,* 321; 2 *Bish. Cr. Law, Sec.* 646, 652 *and* 1 *Bish. Cr. Pro., Sec.* 181 *Sub.*

4. If the original purpose of defendant was lawful, he could not be held criminally responsible for the outcries and statements made by others of the party in which he did not join, and which had no connection with the original design and common plan, unless he incited or aided, abetted or encouraged. 1 *Bish. Cr. Law, Sec.* 634, 637 *and* 641.

*C. B. Moore, Attorney Gen'l,* Contra.

SMITH, J. After the case of *Carr et al v. State,* reported in 42 Ark., 204, had been remanded to the Circuit Court,

Carr v. State of Arkansas.

Carr elected to sever, was put upon trial, convicted of murder in the first degree and a second time sentenced to be hanged. The evidence amply justified the verdict, and the court successfully ran the gauntlet of passing upon twenty-six prayers for directions prepared by the energetic counsel for the prisoner.

1. EVI-DENCE: Impeaching witnesses by proof of indictment for felony.     Two of the defendant's witnesses were required to answer upon cross-examination if they had not once been indicted for this same murder.

It was not competent for the State to impeach the character of these witnesses, or discredit them before the jury, or impair the weight of their testimony in this manner. *Anderson v. State, 34 Ark.,* 257.

When, before final submission of the cause, irrelevant evidence, which had been admitted, was withdraw from the jury and they instructed to disregard it, the presumption is that the jury based their verdict upon legal evidence only. *Pennsylvania Co. v. Ray,* 102 *U. S.,* 451.

2. Excluding improper evidence from jury. Presumption as to verdict.     The court afterwards repaired this error by directing the jury to exclude from their consideration and pay no attention to the fact that these witnesses had previously been under indictment for the same offence.

The defendant also offered to prove by a witness that he and some twenty or thirty other colored men assembled, on the night before Wyatt was killed, at a church in Hempstead County, near the house of Wyatt, who resided in Howard, for the purpose of concerting means to secure his arrest; that they had reasonable grounds to believe that he had just before committed two distinct felonies in Hempstead, namely, an assault with intent to kill, and an attempt to ravish. That they were acting under legal advice, or supposed they were; that the meeting on the following morning was to carry into execution the plan and design then formed and entered into, the sole object being to arrest Wyatt and take

Carr v. State of Arkansas.

him before a magistrate to be dealt with according to law and not to kill him or in any wise to do him a bodily injury. But the court rejected the evidence.

*Res gestae* are the surrounding facts of a transaction, explanatory of an act, or showing a motive for acting. They are proper to be submitted to a jury, provided they can be established by competent means, sanctioned by the law, and afford any fair presumption or inference as to the question in dispute.

3. RES GESTAE: What are.

The fact that Wyatt came to his death by violence at the hands of a mob, of which Carr was the ringleader, not being seriously controverted, it became necessary to determine whether malice entered as an ingredient into such killing; and if so, then whether it was accompanied by those evidences of deliberation and premeditation which characterize the highest degree of murder. Now circumstances and declarations which were contemporaneous with the main fact under consideration or so nearly related to it as to illustrate its character and the state of mind, sentiments or dispositions of the actors are parts of the *res gestae.*

They are regarded as verbal facts, indicating a present purpose and intention, and are therefore admitted in proof like any other material facts. 1 *Gr. Ev. Secs.* 108-111; *Wharton's Cr. Ev. Secs.* 262-270; 1 *Bishop Cr. Pro., Secs.* 1083-1087; *Cliuton v. Estes*, 20 *Ark.*, 216; *Beaver v. Taylor*, 1 *Wall*, 637; *Ins. Co. v. Mosley*, 8 *Id.*, 637.

Thus on the trial of Lord George Gordon for treason, the cry of the mob who accompanied the prisoner on his enterprise, was received in evidence, as forming part of the res gestae and showing the character of the principle fact. 24 *Howell's Sb. Tr.*, 542.

In *Pitman v. State*, 22 *Ark.*, 254, uncommunicated threats, made by the deceased on the day of the killing, were admitted.

Carr v. State of Arkansas.

Nor need any such declarations be strictly coincident as to time, if they are generated by an excited feeling which extends without break or let down from the moment of the event they illustrate. But they must stand in immediate causal relation to the act, and become part either of the action immediately preceding it, or of action which it immediately precedes. *Wharton's Cr. Ev., Sec.* 263 ; 2 *Bishop Cr. Pro. Sec.* 625.

Thus in *Cornelius v. State*, 12 *Ark.*, 782, when defendant was tried for larceny of his neighbor's cow and it was proved he had killed the cow in his pen about three a. m. declarations made the night before in presence of his family and visitors, of his intention to kill the cow before day and sell her for beef and that he had authority from the owner so to do, if he would pay for her, and directions given to his slaves in reference to the matter, were adjudged to be competent evidence to show his intentions in killing the cow.

**4. SAME:**
Same.

Evidence, then, of what was done and said at the church on the night before, was clearly admissible, provided any connection is shown between those proceedings and the subsequent homicide. And the exclusion of the same was a reversible error. For appellate courts are not at liberty to speculate what effect the evidence would have had, if admitted, or whether it would have altered the result. On the contrary, we are bound to reverse for any erroneous ruling below, which prevents a party from getting his case properly before the jury. In other words, we are bound to see that

**5. Admission of evidence.**

he has a fair trial. And in this connection we recommend to the Circuit Judges, in the trial of criminal cases, to admit all testimony that may be offered, about the competency of which they are in doubt. For, if the accused be guilty, he will be, in the vast majority of instances, convicted, notwithstanding the admission of such evidence.

Carr v. State of Arkansas.

Whereas the rejection of it, if it turns out to be competent evidence, is fatally erroneous.

Two other questions are presented by the record, which **6. ARREST:** Killing a resisting or flying felon. it is deemed important to discuss, because they are reasonably sure to arise upon a second trial. The court was requested to charge that by the laws of this State any private person may arrest one who, he has reasonable cause to believe has been guilty of a felony. Therefore if the jury should find from the evidence that Carr had, on the 31st of July, 1883, reasonable grounds to believe that Wyatt had attempted to commit a rape or an assault with intent to kill and that Carr was engaged in securing his arrest therefor, he had a right to visit Wyatt's place for that purpose without a warrant and to take steps necessary to that end; and it is immaterial whether Wyatt had in fact been guilty of any crime. And this request was repeated in several forms, all of which were denied.

" A private person may make an arrest where he has reas- **7. Who may arrest.** onable grounds for believing that the person arrested has committeed a felony." *Gantt's Dig. Sec.* 1679.

This statute is in affirmance of the common law. " If a person, having actually committed a felony, will not suffer himself to be arrested, but stand on his own defense, or fly, so that he can not possibly be apprehended alive by those who pursue him, whether private persons, or public officers, with or without a warrant, from a magistrate, he may be lawfully slain by them." 1 *Hawkins, P. C. p.* 81, *Sec.* 11.

If a felony be committed and the felon fly from justice, or a dangerous wound be given, it is the duty of every man to use his best endeavors for preventing an escape; and if in the pursuit the felon be killed, when he can not be otherwise overtaken, the homicide is justifiable. This rule is not confined to those who are present, so as to have ocular proof of the fact, or to those who first come to the knowledge of

it: for if in these cases first pursuit be made and a *fortiori* if hue and cry be levied, all who join in aid of those who began the pursuit are under the same protection of the law." 1 *East P. C.*, 298.

Here the rule is stated with its limitations, namely: that if the offence has been in fact committed and an individual has reasonable cause to suspect a particular person, he may, acting in good faith, arrest him, without incurring any liability, civil or criminal, should the suspicion prove unfounded.  And when the felony is past the only distinction between the power of an officer and a private person arresting without a warrant is this: " Should the one arrested be found not to be guilty, the private person will not be justified unless an offense has been committed by some one; while the officer is justified though no offence has been committed; yet both must have had reasonable cause to suspect the one apprehended.  For when a charge of this high nature is made to an officer, he is bound to act upon it and pursue and arrest the suspected person at once; and it would block the wheels of justice if he could not do his official duty without being answerable, should the event prove that the reasonable suspicion could not be made good by evidence. 1 *Bishop Cr. Pro. Secs.* 168, 181.

There was no proof in this case that Wyatt had committed any felony.

7. CRIMINAL LAW: Liable for act of accomplice.
The court gave this instruction, which is rather too favorable to the defendant: " If the defendant was jointly with others assembled together in the commission of a trespass, or perpetration of a crime, and one or more did a criminal thing in no way connected with the joint understanding, the defendant is not liable."

The law upon this subject is, that " a man may be guilty of a wrong which he did not specifically intend, if it came naturally or even accidentally from some other specific, or a

general, evil purpose. When, therefore, persons combine to do an unlawful thing, if the act of one, proceeding according to the common plan, terminate in a criminal result, though not the particular result meant, all are liable." *Bishop Cr. Law, Sec.* 636, and authorities there cited.

Thus in *Stephens v. State,* a recent unreported decision of the Supreme Court of Ohio, where several agreed to rob a man at his house and one remained outside on guard, while the others went inside and in order to rob him, killed him, it was held that the one outside was guilty of murder also, although murder was not contemplated in their conspiracy, but it was the only means of accomplishing their ends.

Reversed and remanded for a new trial.