# F. A. Smith v. William O. Wallace and Frank S. Fredericks, Partners under the Name of Wm. O. Wallace & Co.

1. Garnishment—*Unascertained Indebtedness—Breach of Contract.*—The fact that a person is guilty of a breach of contract does not necessarily render him liable to garnishee process; damages must be ascertained and fixed by a judgment or otherwise, before an indebtedness exists sufficient to render such person liable to this process.

Garnishment.—Trial in the Circuit Court of Cook County; the Hon. Charles G. Neely, Judge, presiding. Finding and judgment for defendant; appeal by plaintiff. Heard in the Branch Appellate Court at the March term, 1899. Affirmed. Opinion filed April 11, 1899.

Malcolm Dale Owen and Hugh V. Murray, attorneys for appellant.

Charlton & Copeland, attorneys for appellees.

Mr. Presiding Justice Freeman delivered the opinion of the court.

Appellant recovered a judgment by confession against one George W. Smale and wife, and caused garnishee process to be served upon appellees, claiming that the latter were indebted to the Smales in the sum of $500. Appellant's counsel thus state the grounds upon which it is sought to maintain the action: "Appellees had made with the Smales a distinct agreement to perform a certain covenant upon a definite contingency. The contingency arose and appellees failed to perform their covenant. They thereupon forthwith became liable to said Smales, at least for the sum of $425."

This assumes that because appellees are alleged to have broken a contract with the Smales to loan them $500 upon certain contingencies, which it is claimed transpired, an indebtedness to that amount in favor of the Smales was thereby created.

The suit is based upon an entire misapprehension. If appellees were guilty of a breach of contract, the Smales had their remedy in an action for damages, if any were thereby occasioned. Unless such damages are ascertained and fixed by judgment or otherwise, no indebtedness exists and appellees are not liable to garnishment.

The judgment of the Circuit Court is affirmed.