## GREEN v. STATE.

### Opinion delivered October 4, 1909.

1. HOMICIDE—PREVENTION OF FELON'S FLIGHT.—It is only where killing is the only means of preventing the escape of a felon that his slayer is held in law to be justified. (Page 512.)

2. SAME—MANSLAUGHTER—INSTRUCTION.—An instruction in a murder case to the effect that if defendant had no intention of killing deceased, an escaping felon, but shot to make him stop, and the shooting was done in a careless and reckless manner, the jury should find him guilty of involuntary manslaughter, was not objectionable as meaning that, even if it was necessary to kill the felon in order to prevent his escape, yet, if defendant fired the shot without intending to kill him, but did so carelessly, he was not justifiable; especially where the ambiguity in the above instruction was cured by another given by the court. (Page 512.)

Appeal from Union Circuit Court; *George W. Hays,* Judge; affirmed.

*Patterson & Green,* for appellant.

The state of facts proved by the appellant constitutes a complete justification for the killing, whether it was done intentionally or unintentionally. The deceased had committed a felony and was escaping, and defendant was authorized by law, with or without a warrant of arrest, to prevent his escape, if possible, and to slay him if in the pursuit he could not overtake him.

Kirby's Dig., § 2120; 43 Ark. 99, 105. As to the degree of proof to show justification or excuse, see 59 Ark. 3799; 69 Ark. 177. And on the weight of the evidence this court should reverse this case. 34 Ark. 632.

*Hal L. Norwood,* Attorney General, and *C. A. Cunningham,* Assistant, for appellee.

1. The verdict of the jury will not be disturbed unless there is a total lack of evidence to support it. 21 Ark. 305; 24 Ark. 251; 82 Ark. 218; 70 Ark. 512.

2. Under the evidence it was the duty of the court to instruct on all degrees of homicide. 74 Ark. 262; 52 Ark. 273. There is no error in the instructions; but, if there had been, appellant cannot avail himself of them, because, while he objected to each, he saved no exceptions. 73 Ark. 407; 74 Ark. 335.

McCULLOCH, C. J. Appellant was tried on an indictment charging him with the crime of murder, and was convicted of involuntary manslaughter, and sentenced to the penitentiary for a period of one year. He killed one Minor Killgore, and admits the killing, but seeks to justify it. The evidence tends to establish the following circumstances attending the homicide:

Appellant came upon Killgore in a field of weeds, attempting to have carnal intercourse forcibly with his (appellant's) niece, a little girl about twelve years of age. Appellant was first attracted by the child's screams, and when he came upon the couple Killgore sprang up and ran away. Appellant hallooed several times for him to halt, and when at a distance of about forty yards he fired a shot which struck Killgore in the back of the head, immediately producing death.

This is appellant's own version of the tragedy, and it is supported by other testimony corroborating him as to the attempt on the part of deceased to ravish the child. He stated on the witness stand that he did not take deliberate aim, and that it was not his intention to kill Killgore at the time he fired the shot, but that he fired only to stop him and bring him to justice. It is earnestly insisted by counsel for appellant that the evidence is not sufficient to sustain the verdict; but, after careful consideration, we are of the opinion that the verdict should not be disturbed on that account. The evidence warranted a finding by the jury that, though the deceased had committed a felony, and

appellant was within the line of his duty as a private citizen in attempting to arrest him, yet the killing was unnecessary. The jury had a right to apply their judgment to the facts presented, and say by their verdict whether it was reasonably necessary for appellant to shoot in order to prevent Killgore's escape. A felon's flight does not justify his pursuer in killing him unless that is necessary to prevent escape. Reasonable care should be exercised by one placed in such a situation, either as an officer or a private citizen, to prevent the escape of a felon without doing personal violence; and it is only where killing is necessary to prevent the escape of the felon that the slayer is held in law to be justified. *Carr* v. *State*, 43 Ark. 99.

It is insisted that the court erred in giving the following instruction: "11. The court tells the jury that if they believe from the evidence beyond a reasonable doubt that the defendant, Ben Green, shot Minor Killgore with a pistol as alleged in the indictment and killed him, but at the time he fired the pistol shot he had no intention of killing the deceased, but shot only to make the deceased stop, and the shooting was done in a careless and reckless manner, the jury will find him guilty of involuntary manslaughter and assess his punishment at imprisonment in the State penitentiary for a period not exceeding twelve months."

This instruction is criticised on the alleged ground that the jury might have understood it to mean that, even if the circumstances were such that it was necessary to slay the fleeing felon in order to prevent his escape, and appellant had a right to do so, yet, if appellant fired the shot without any intention to inflict a death wound and did so carelessly, then he would not be justifiable, but would be guilty of involuntary manslaughter. In other words, the contention is that this instruction is susceptible of the meaning that, even if it was necessary to kill the felon in order to prevent his escape, yet, if appellant fired the shot without any intention of killing him, but did so carelessly, he was not justifiable. We do not think that this instruction is open to that construction. But, if there were any doubt as to its true meaning, the same must have been, in the minds of intelligent jurors, completely removed by the following instruction which was given at appellant's request:

"3. The jury are instructed that if a felony be committed and the felon fly from justice, it is the duty of every man to

use his best endeavors for preventing the felon's escape; and if in the pursuit the felon be killed, when he cannot be otherwise overtaken, the homicide is justifiable. And if you find from the evidence in this case that Minor Killgore, the deceased, had committed rape upon Odie May Killgore, or had assaulted said Odie May Killgore, with the intent to commit rape, and that defendant, Ben Green, detected said Minor Killgore in the commission of said rape or the attempt thereof, and that said defendant then and there killed said Minor Killgore in an attempt to arrest him, you will acquit the defendant, provided you further find from the evidence that said killing was necessary to prevent the escape of said Minor Killgore."

We find nothing in the record that would justify us in disturbing the verdict.

Judgment affirmed.