Itzkowitz v. P. H. Ruebel & Co.

Opinion delivered April 30, 1923.

1. Negligence—Automobile collision—Question for jury.—Evidence as to a collision between defendant's car and the car in which plaintiff was riding *held* to make it a question for the jury whether defendant was negligent.

2. Evidence—Res gestae.—Where a police officer, hearing a collision between two automobiles a block away, went to the place of collision and asked the driver of the car in which plaintiff was riding why he did not stop, his reply that his brakes would not work was inadmissible as part of *res gestae*, being a narrative of a past event, but was admissible to contradict the driver.

3. Negligence—Imputed negligence.—Negligence of the driver of an automobile is not imputable to a guest or other person

riding in the car who is not the employer of the driver, and who exercises no control over him.

4. NEGLIGENCE—INSTRUCTION AS TO ACCIDENT.—Where there was no evidence to justify an instruction upon the theory that an automobile collision was the result of an accident, it was error to instruct upon that theory.

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk,* Judge; reversed.

*Mehaffy, Donham & Mehaffy,* for appellant.

The court erred in modifying appellant's instruction No. 2 and in giving appellee's instruction numbered 1, which wrongfully imputed negligence of driver of car in which appellant was riding to her. 112 Ark. 421; 123 Ark. 550; 126 Ark. 389; 136 Ark. 31. Appellee's instruction numbered 4 was also erroneous, telling the jury that, if the injury resulted from an accident, appellant could not recover. Court erred also in admitting the testimony of officer Witt relating his conversation with the driver of the Levin car, which was not part of the *res gestae.* 137 Ark. 107; 61 Ark. 52; 72 Ark. 572; 66 Ark. 494; 105 Ark. 247; 77 Ark. 599; 119 Ark. 36.

*McConnell & Henderson,* for appellees.

Negligence of appellant's driver was imputable to her. Cases cited by appellant reviewed and distinguished. 136 Ark. 272; 102 Ark. 355; 147 Ark. 152; 72 Ark. 572; 159 Fed. 10; 229 S. W. 169; 186 Pac. 160; 174 Pac. (Utah) 817; 88 S. E. (Va.) 309. The appellant was guilty of negligence. 179 Fed. 577; 216 Fed. 503; 193 Mass. 223, 118 Am. St. Rep. 502; 72 Ark. 572. No presumption of negligence from the mere happening of the accident. 97 Ark. 469. No proof of negligence on part of appellee. 70 Pac. 346. Statement of appellant's driver was part of the *res gestae.* 85 Ark. 479; 132 Ark. 551, 10 R. C. L. 974, 976. Neither did appellant object to the same statement of the driver testified to by other witnesses than officer Witt. Admissible to contradict testimony of driver also.

McCulloch, C. J. The plaintiff, Sarah Itzkowitz, instituted this action in the circuit court of Pulaski County to recover damages for personal injuries sustained as the result of a collision between an automobile owned by defendant and driven by one of its servants and another car in which plaintiff was riding. It is charged in the complaint that the collision occurred by reason of the negligence of defendant's driver in operating the car. There was a denial of the charge of negligence on the part of defendant's driver, and the answer contained an allegation that the collision was caused by negligence of the driver of the car in which plaintiff was riding. The verdict was in favor of the defendant, and the plaintiff has prosecuted an appeal.

It is undisputed that the collision of the two cars mentioned occurred, and that plaintiff received substantial injuries. It is unnecessary to inquire on this appeal concerning the extent of the plaintiff's injuries.

The collision occurred on June 28, 1921, about 2 o'clock in the afternoon, in the city of Little Rock, on East Capitol Avenue, at the intersection on the south side of that street with the alley which runs north and south between Main and Scott streets.

The plaintiff was a saleswoman in the dry goods establishment of the Levin Dry Goods Company, on Center Street, between Fifth and Sixth, and about 2 o'clock in the afternoon she became slightly ill, and the manager of the establishment, Mr. Heiman, instructed the driver of the delivery car to take the plaintiff home, and she was *en route* home when the collision occurred, the direct route to her house being eastward on Capitol Avenue.

The car in which plaintiff rode was a Ford truck with only one seat, and used as a delivery car. As the car was being driven along East Capitol Avenue, going toward the east, a six-cylinder passenger car, owned by the defendant and driven by one of its employees, came out of the mouth of the alley, headed north, and the two

cars collided. The point of collision was at the mouth of the alley, and the right front end of defendant's car collided with the right rear wheel of the car in which plaintiff was riding. The witnesses all state that the right front spring of defendant's car hooked the rear right-hand wheel of the Levin car. There is a sharp conflict in the testimony as to the speed each car was making at the time. The driver of the Levin car testified that the car coming out of the alley was running at a speed of above fifteen miles an hour, and that he was driving the Levin car at a rate of speed less than that. The driver of defendant's car testified that the Levin car was running fifteen or sixteen miles an hour, and that his car was moving at a very slow speed, and that he blew the horn before he reached the mouth of the alley, when the Levin car was twenty-five feet or more distant. In other words, there is a sharp conflict in the testimony as to the cause of the injuries—as to which of the two drivers was negligent.

The driver of the Levin car and the plaintiff herself both testified that the Levin car was being driven at a very moderate speed on the right side of the street, a slight distance from the rear end of the cars parked at the mouth of the alley; that, as defendant's car came out of the alley at considerable speed, no signals were given, and that defendant's car ran into the rear wheel of the Levin car.

The driver of defendant's car testified that, after he blew the horn, the Levin car continued to come at a rapid rate of speed; that the driver seemed to be stooping down, looking at or through his wheel, and that he suddenly swerved the car to the right and ran into defendant's car, hooking the right rear wheel over the right front spring.

The defendant introduced Police Officer Witt, who was on duty at the time at Main Street and Capitol Avenue, and the witness testified that he heard the noise of the collision and ran up to the place where it occurred,

and saw people removing plaintiff from the car. He testified that he asked the driver why he did not stop, and that the driver replied, "My brakes would not work." He said he then asked the boy what was the matter with them, and the boy replied, "I don't know, they would not work." This testimony was introduced over the objection of the plaintiff, and exceptions were duly saved.

It is contended by counsel for appellee that the undisputed evidence shows that there was no negligence on the part of defendant's driver, and that for this reason the judgment ought to be affirmed, regardless of any error in the proceedings. We cannot agree with counsel in this contention, for there is abundant evidence to sustain a finding of negligence on the part of defendant's driver if the testimony of the witnesses introduced by plaintiff is true. They show that defendant's car came out of the alley at a speed of about fifteen miles an hour, and that no signal of its approach was given. It is shown that the traffic on East Capitol Avenue at this point is very considerable during all hours of the day, and, this being true, the jury would have been warranted in finding that the driver of defendant's car was negligent. The fact that the point of collision between the two cars was at the right front side of defendant's car and the rear wheel of the Levin car is a very strong circumstance tending to show that the collision resulted from negligence of the driver of defendant's car, for it shows that when the collision occurred the Levin car had nearly passed the mouth of the alley, and if defendant's driver was moving the car as slowly as he claims he was, he could have stopped the car before it struck the other passing car. In other words, the physical facts in the case tend to show that the fault was with the driver of defendant's car, and, in order to escape the force of these facts, the defendant undertook to show that the Levin car was suddenly swerved to the right just before the collision occurred, and in that way ran into the right front spring of defendant's car. The collision

could hardly have occurred in any other way, if the fault was with the driver of the Levin car.

It is first contended on the part of appellant that the court erred in permitting Officer Witt to testify concerning the conversation with the driver of the Levin car. The driver was first asked, on cross-examination, whether or not he had made the statement to the officer about his brakes not holding, and he denied having made such a statement. The foundation being properly laid, it is conceded that the testimony was competent for the purpose of contradicting the driver as a witness in the case, but it is insisted that the court erred in permitting this testimony to go to the jury as a part of the *res gestae* and as substantive evidence of negligence of the driver. We are of the opinion that the statements and declarations of the driver, as testified to by the police officer, were not part of the *res gestae,* and that they were not competent evidence in the case except for the purpose of contradiction. In the case of *Carr* v. *State,* 43 Ark. 99, this court said:

"'*Res gestae* are the surrounding facts of a transaction, explanatory of an act, or showing a motive for acting. They are proper to be submitted to a jury, provided they can be established by competent means sanctioned by the law, and afford any fair presumption or inference as to the question in dispute. * * * Now circumstances and declarations which were contemporaneous with the main fact under consideration, or so nearly related to it as to illustrate its character and the state of mind, sentiments or dispositions of the actors, are parts of the *res gestae.* They are regarded as verbal facts, indicating a present purpose and intention, and are therefore admitted in proof like any other material facts. * * * Nor need any such declarations be strictly coincident as to time, if they are generated by an excited feeling which extends without break or letdown from the moment of the event they illustrate. But they must stand in immediate causal relation to the act.

and become part either of the action immediately preceding it or of action which it immediately precedes."

The statements do not come within the definition thus given, for, if the statements of the driver merely constituted a narrative of a past event, elicited by questions propounded by the officer in investigating the circumstances of the collision, this does not make them a part of the transaction itself, but a mere history or narrative of the transaction, given afterwards. The investigation and inquiry of the officer necessarily broke the continuity between the main fact sought to be elicited and the narrative given of it, and we think that, under these circumstances, the evidence cannot be received as a part of the *res gestae*. *River, Rail. & Harbor Cons. Co.* v. *Goodwin,* 105 Ark. 247; *Webb* v. *Kansas City Southern Ry. Co.,* 137 Ark. 107.

There are several assignments of error in regard to the rulings of the court in giving and refusing instructions. In the first place, it is contended that the court erred in the modification of plaintiff's instruction No. 2, which modification told the jury, in substance, that there could be no recovery if "plaintiff or her driver was guilty of negligence."

There is an assignment also with reference to the giving of defendant's instruction No. 1, which was to the same effect.

These instructions were clearly erroneous, for they, in express terms, declared the law to be that negligence of the driver of the car was to be imputed to the plaintiff. This is not the law, and has been so declared by decisions of this court. We have distinctly held that negligence of the driver of a vehicle is not imputable to a guest or other person riding in the car, who is not the employer of the driver and who exercises no control over him. *Hot Springs St. R. Co.* v. *Hildreth.* 72 Ark. 572; *Carter* v. *Brown,* 136 Ark. 23; *Pine Bluff Co.* v. *Whitlaw,* 147 Ark. 152. Any occupant of a car or vehicle who has the opportunity to control the action and

conduct of the driver, and fails to do so when ordinary
care would require it, is guilty of negligence which pre-
vents recovery of damages, but that constitutes negli-
gence of the occupant and not imputed negligence of
the driver. The instruction given by the court, however,
in the present case told the jury, in effect, that negligence
of the driver must be imputed to the plaintiff, regardless
of her own conduct, and this is clearly erroneous. There
is no evidence in the case that the driver of the car oc-
cupied the relation of servant to the plaintiff, nor that
she undertook to control his movements, further than to
tell him, in the beginning of the journey, to drive slowly
because she was sick.

It was a question for the jury, if the conduct of
the driver was negligent in maintaining too high a speed
or in failing to stop when the warning was heard of the
car approaching from the alley, if such warning was, in
fact, given, to determine whether or not plaintiff was
guilty of negligence herself, and this question was sub-
mitted to the jury in a correct instruction; but it was in-
correct to tell the jury that the negligence of the driver
would be imputed to her, and that such negligence on the
part of the driver would prevent recovery, regardless
of her own conduct.

Error is assigned in the giving of another instruc-
tion requested by defendant, which told the jury that, if
they found that the collision was the result of a mere
accident, the defendant would not be liable. It is con-
tended that there was no evidence to justify a submis-
sion of the question of accidental collision, and we think
this is the true state of the record, for it is manifest
that the collision occurred from negligence on account
of one or both of the drivers. There are no grounds for
the conclusion that it was merely accidental. There is a
sharp conflict in the testimony, and if either the one side
or the other is to be believed, there was negligence on
the part of one of the drivers. The cars came together
in collision at the mouth of the alley, and if both drivers

had been free from fault the collision would not have occurred. This instruction was therefore misleading and prejudicial.

For the errors indicated the judgment must be reversed, and the cause remanded for a new trial. It is so ordered.