INTERCITY TERMINAL RAILROAD COMPANY *v.* WORDEN.

Opinion delivered May 28, 1928.

*T. F. Digby* and *Rose, Hemingway, Cantrell & Loughborough,* for appellant.

*Harb & Barnard,* for appellee.

McHANEY, J. Appellant operates street cars across the Main Street bridge, spanning the Arkansas River, connecting the cities of Little Rock and North Little Rock. For this purpose it maintains double tracks across said bridge, running north and south. The east track is used for northbound cars and the west track for southbound cars. The east, or northbound, track, after cross-

ing the bridge and its approach, turns east on Washington Avenue, in North Little Rock, and makes a loop in said city, to return to the Little Rock side of the river on the southbound track. On and for some days prior to April 23, 1927, on account of the excessive high water and flood conditions generally, the northbound track was under water from Second and Main to Washington Avenue, in North Little Rock, which made it impossible to use the northbound track during the flood conditions, in the ordinary way. Therefore during the flood conditions appellant was operating all of its cars across the Main Street bridge on the southbound track, thereby running its cars, both north and south, on the southbound track.

On said date appellee's son was driving her car south on the Main Street bridge, and had a collision with a northbound car, operating as aforesaid, on the southbound track, in which he and his companion were severely injured, and the automobile was considerably damaged. Appellee brought this action to recover damages to her car, in which she alleged that appellant was negligent, in that the street car was driven at a high rate of speed, without giving any signals or warnings of approach in operating said street car north on the southbound track, and in failing to give proper warning while operating the street car in a north direction on a track which was generally used for southbound cars; also in failing to keep a lookout, and in failing to stop said car.

Appellant denied all allegations of negligence.

The trial resulted in a verdict and judgment against appellant for $150.

Two errors are assigned for a reversal. The first is that the court erred in permitting the witness, John Hunter, to testify to statements made by the motorman right after the collision. Appellee's son, Ralph Sigler, and his companion, the witness, John Hunter, were riding in the car together, and the witness Hunter was permitted to testify, over appellant's objection, that, imme-

diately after the collision, the motorman stopped his car, got out, and said: "Boy, are you hurt very bad? I didn't see you; I was up so close I couldn't stop the car so quick; the car had nothing on it but a handbrake."

The evidence shows that this statement was made immediately after the accident, at a time when the car was badly wrecked, and the witness himself was badly cut and was bleeding profusely. It is said that this testimony was incompetent and inadmissible as a part of the *res gestae*, under the rule announced in *Itzkowitz* v. *Ruebel & Co.*, 158 Ark. 454, 250 S. W. 535. In that case the court quoted with approval from *Carr* v. *State*, 43 Ark. 99, as follows:

"*Res gestae* are the surrounding facts of a transaction, explanatory of an act, or showing a motive for acting. They are proper to be submitted to a jury, provided they can be established by competent means sanctioned by the law, and afford any fair presumption or inference as to the question in dispute. * * * Now, circumstances and declarations which were contemporaneous with the main fact under consideration, or so nearly related to it as to illustrate its character and the state of mind, sentiments or dispositions of the actors, are parts of the *res gestae*. They are regarded as verbal facts, indicating a present purpose and intention, and are therefore admitted in proof like any other material facts. * * * Nor need any such declarations be strictly coincident as to time, if they are generated by an excited feeling which extends without break or let-down from the moment of the event they illustrate. But they must stand in immediate causal relation to the act, and become part either of the action immediately preceding it or of action which it immediately precedes."

We think this testimony was competent, and that the court did not err in admitting it for such consideration as the jury might deem proper to give it in determining the question as to whether the motorman of the street car was negligent. There is no question in this case of the

negligence of the driver of the automobile, and the only question for determination was whether appellant was guilty of negligence in failing to exercise ordinary care in the operation of its street cars to avoid injury to persons and property traveling on said bridge. In the Itzkowitz case, the collision between the two automobiles occurred at the intersection of Capitol Avenue, on the south side thereof, with the alley which runs north and south between Main and Scott Streets, and officer Witt testified that he heard the noise of the collision, and ran up to the place where it occurred; that he was stationed at Main Street and Capitol Avenue, and was permitted to testify, over objection, that he interrogated the driver of one of the cars regarding the accident and why he did not stop, and the driver replied that his brakes would not work. This court held in that case that the declarations or statements made by the driver were incompetent as part of the *res gestae*, not being a part of the transaction itself, but a mere history or narrative thereof given afterwards. The court said: "The investigation and inquiry of the officer necessarily broke the continuity between the main fact sought to be elicited and the narrative given of it, and we think that, under these circumstances, the evidence cannot be received as a part of the *res gestae.*" But here the facts are different. Immediately after the accident, and as soon as his street car was stopped, the motorman went to the wrecked automobile and made the statement heretofore quoted.

As said by this court in *Beal-Doyle Dry Goods Co.* v. *Carr*, 85 Ark. 479-484, 108 S. W. 1053, 14 Ann. Cas. 43:

"It is not easy always to determine when a declaration is a part of the *res gestae*. It is dependent upon the particular circumstances under which the declaration is made."

And, as was said by this court in *Clinton* v. *Estes*, 20 Ark. 225:

"It may be difficult to determine at all times when declarations shall be received as a part of the *res gestae.*

468

But, when they explain and illustrate it, they are clearly admissible. Mere narratives of past events, having no necessary connection with the act done, would not tend to explain it. But the declaration may properly refer to a past event as the true reason of the present conduct.''

In *Flynn* v. *State,* 43 Ark. 292, it is said:

"In cases like this, words uttered during the continuance of the main action, or so soon thereafter as to preclude the hypothesis of concoction or premeditation, whether by the active or passive party, become a part of the transaction itself, and, if they are relevant, may be proved as any other fact, without calling the party who uttered them."

In the Beal-Doyle case, above cited, many of the decisions of this court and the text-writers relating to the subject are cited and discussed. It would serve no useful purpose to again review them here. But, under these authorities, the statements of the motorman, having been made immediately after the accident, at a time when undoubtedly the exciting influence thereof had not lost its sway or had not been dissipated, must be held to be a part of the transaction itself, and therefore admissible, and not merely a narrative of a past event.

The second ground of complaint made by appellant is the instruction of the court, given on its own motion, as follows:

"If you find in this case, from a preponderance of the evidence, that the street car was being operated on the left-hand track, and that in doing so the operator of the car was negligent, and that this negligence caused the damage, your verdict will be for the plaintiff."

The complaint made against this instruction is that it was left to the jury to say whether or not the appellant was negligent in operating its car on the left-hand track. It was undisputed that the car was being operated on the left-hand track, that is, was being run north on the south-bound track. Appellant says that this question should not have been submitted to the jury, because as a matter

of law it was not, under the circumstances, negligence merely to operate its car on the left-hand track, and it made a specific objection to this effect against said instruction. It also, in its requested instruction No. 7, asked the court to instruct the jury as follows:

"You are instructed as a matter of law it was not negligence for the defendant company to operate its street car north on the west track of its double track line."

The court refused to give this requested instruction, and overruled its specific objection to the above instruction on the court's own motion. We think this was error, calling for a reversal of this case. It was undisputed that the northbound track was incapable of being operated, on account of the flood conditions, as heretofore stated, but it was appellant's duty, as well as its right, to operate its cars across said bridge for the convenience of the public. Of course, if the operator of the car was negligent in its operation on either track, appellant would be liable, but the above instruction given by the court did something more than to submit the negligence of the operator in running the car, to the jury, as it said that, if they found that "the street car was being operated on the left-hand track, and that in doing so the operator of the car was negligent," etc., which left it to the jury to find that merely operating the car on the left-hand track was negligence, no matter how careful and free from negligence he otherwise might have been in the operation of the car. We do not think the mere fact of operating the car on the left-hand track could be said to be negligence, but that there would have to be some other affirmative careless action on the part of the operator, or the failure to do something that he should have done, to be guilty of negligence. We do not find any decision of our own court in point, and counsel have not cited any. Cases from other courts, however, are cited, which we think are illustrative and authoritative for this holding. *Bush* v.

470

*Los Angeles Ry. Co.,* 78 Cal. 536, 174 Pac. 665, 2 A. L. R. 1607; *William Altreuter* v. *Hudson River Ry. Co.,* 2 ed. Smith (N. Y.) 151; *North Street Ry. Co.* v. *Irwin,* 82 Ill. App. Rep. 145; *Cincinnati Traction Co.* v. *Jameson,* 32 Ohio Circuit Court Reports, 335.

For the error indicated the judgment will be reversed, and the cause remanded for a new trial.