ARKANSAS POWER & LIGHT COMPANY *v.* NUCKOLS.

Opinion delivered June 9, 1930.

18

20

*Elmer Schoggen* and *Rose, Hemingway, Cantrell & Loughborough,* for appellant.

*R. E. Rison, John B. Gulley, Robt. Ragsdale* and *Lewis Rhoton,* for appellee.

KIRBY, J., (after stating the facts). Appellant insists that the court should have directed a verdict in its favor

and urges especially that it erred in giving said instruction No. 2, which ignores and leaves out the question of contributory negligence of appellee pleaded as a defense, directing the jury to find for appellee in case it found appellant was negligent in the operation of its street car. The instruction was objected to generally and specifically, and it is also true that in instruction No. 3 the court defined contributory negligence and told the jury that the burden was upon the defendant to prove such negligence by a preponderance of the testimony, and that, if it found from the testimony that plaintiff was guilty of contributory negligence, he could not recover "however negligent the defendant may have been in causing the accident," which instruction was also generally and specifically objected to. Although the negligence of the driver of a motor vehicle cannot be imputed to an occupant of the car, riding as a guest, such guest is not relieved of the duty to exercise ordinary care for his own safety, failure to do which, contributing to the injury, constitutes contributory negligence barring the recovery. *Carter* v. *Brown,* 136 Ark. 32, 206 S. W. 71; *Itzkowitz* v. *Ruebel,* 158 Ark. 460, 250 S. W. 535; *Graves* v. *Jewell Tea Co.,* 180 Ark. 980, 23 S. W. (2d) 974. This instruction is necessarily conflicting with instruction No. 2, which directs the jury to find for the plaintiff if it found appellant guilty of the negligence that caused the collision and injury without regard to whether the injured person was guilty of contributory negligence at the time. It has long been well settled that an instruction which ignores a material issue in the case about which the evidence is conflicting and allows the jury to find a verdict without considering that issue is misleading and prejudicial, notwithstanding, another instruction which correctly presents that issue is found in other parts of the charge. In *Railway* v. *Rogers,* 93 Ark. 564, 126 S. W. 375, it was said: "Where the instructions are thus conflicting, it is impossible for an appellate court to tell which of them the jury followed, and such an error calls for a reversal. Separate and disconnected instructions, each complete

in itself and irreconcilable with each other, cannot be read together so as to modify each other and present a harmonious whole." See also *Temple Cotton Oil Co.* v. *Skinner,* 176 Ark. 17, 2 S. W. (2d) 676. The instruction is incomplete, ignoring and leaving out, as it does, the question or defense of contributory negligence, and the fact that contributory negligence is defined in the next instruction does not remedy the defect, since it leaves out of consideration altogether the contributory negligence of plaintiff and leaves for determination appellant's conduct, the alleged negligence, as the sole issue for the jury's verdict, telling them "then your verdict shall be for the plaintiff." This instruction does not come within the apparent exceptions to the rule in those cases where it may be readily seen that the instructions may be read together without conflicting and as a harmonious whole, and, when they can be so read, it is the duty of the court to treat them accordingly. In *Railway* v. *Rogers, supra,* the instruction relative to contributory negligence followed the one defining negligence and allowed a recovery for the plaintiff if the jury so found, but it told the jury that the defendant company relied upon the plaintiff's contributory negligence as a defense. There is nothing in this instruction complained of indicating that contributory negligence was an issue in the case, nor in the following instruction defining it, requiring the jury to consider the alleged contributory negligence of the plaintiff as a defense to the suit in determining the question of liability of appellant under the said instruction No. 2.

We do not pass upon other assignments of error, since the cause must be reversed for the giving of said erroneous instruction No. 2. Neither can it be said under the circumstances of this case that appellee was guilty of contributory negligence as a matter of law, and appellant entitled to a directed verdict. The testimony is conflicting to some extent, leaving the question properly for the determination of the jury.

For the error designated, the judgment is reversed, and the cause remanded for a new trial.