WILLIAMS *v.* MARTIN.

5-939 290 S. W. 2d 442

Opinion delivered May 21, 1956.

432

*Odell Pollard* and *Barber, Henry & Thurman,* for appellant.

*Yingling & Yingling,* for appellee.

Minor W. Millwee, Associate Justice. Appellee, F. M. Martin, brought this action for damages growing out of a collision on August 16, 1954, in which his pick-up truck was struck by appellant's trailer truck at a point on U. S. Highway 67 near Judsonia, Arkansas where said highway intersects a graveled road known as the old Plainview Road. Trial resulted in a verdict and judgment for appellee in the sum of $1,500.

According to the evidence on behalf of appellee, he approached the intersection in question on the graveled road which intersects the paved highway at right angles on the north and stopped at a stop sign which is located some distance from the pavement. After looking in both directions and observing a car that passed going toward Searcy, he drove to the opposite or right-hand side of the paved highway, going in a northeast direc-

tion. As he drove on the pavement, appellee observed in his outside rear view mirror the loaded cattle truck driven by appellant's employee, Carl Smith, at a rapid rate of speed about 200 yards behind the pick-up truck. After appellee had traveled about 35 or 40 yards on his right hand side of the highway, appellant's truck struck the left rear of appellee's vehicle, knocking it off the right hand side of the road. The impact threw appellee's head against the rear glass window of the truck and "addled" him. As he slumped over the steering wheel with his foot on the accelerator, his truck traveled about 300 feet down the graveled shoulder and back on the highway where it was again struck by appellant's truck.

Appellee sustained injuries which hospitalized him for 21 days and required 26 stitches in his head and nose. It was stipulated that damage to his truck amounted to $500. A sign reading "Reduce Speed Ahead" was located on the appellant's driver's right hand side of the highway about 175 yards from the intersection and signs indicating a speed limit of 35 miles per hour were located on both sides of the highway about 55 yards further east toward the intersection.

While the testimony to the effect that appellee stopped at the stop sign and entered the intersection first is undisputed, the evidence on behalf of appellant was that appellee drove his truck on the highway when appellant's driver was only 30 or 40 feet from the intersection and while two cars going in the opposite direction were approaching the intersection and had stopped suddenly to permit appellee to drive on the paved highway. Under this sharp dispute in the evidence, the questions of the negligence of the appellant's driver and the contributory negligence of appellee were matters properly to be determined by the jury. It follows that appellant's motion for an instructed verdict on the ground that appellee was guilty of contributory negligence as a matter of law was properly denied by the trial court.

R. L. Knox, a deputy sheriff, was called as witness by appellee. He testified that he was in the sheriff's office at Searcy, Arkansas when he and another deputy, in response to a telephone call, drove to the scene of the accident and made an investigation. In response to a question as to whether appellant's driver, Carl Smith, made any statement as to any effort on his part to avoid the accident, Knox was permitted to answer as follows, over the objection of the appellant: "He said it looked like there were so many cars and trucks in there that he had to do something; that he had to hit somebody. He said he was afraid if he hit his brakes too hard it would jack-knife the truck and kill the cattle in the truck."

We agree with appellant's contention that this statement of the driver was not a part of the *res gestae* and should not have been admitted. It should be noted that this testimony was not elicited to contradict or impeach appellant's driver, who had not then testified, but was admitted as substantive evidence of his negligence. While the exact time that had elapsed since the accident was not shown, we take judicial notice of the fact that Searcy is several miles from the scene of the collision and that several minutes had elapsed since the accident when Smith made the statement. In *Itzkowitz* v. *P. H. Ruebel & Co.*, 158 Ark. 454, 250 S. W. 535, relied on by appellant, a much shorter period of time had elapsed between the collision and the appearance of the officer than in the case at bar. After quoting at length from the case of *Carr* v. *State*, 43 Ark. 99, this court there held that statements of the defendant's driver about his brakes not holding were not a part of the *res gestae*, saying: "The statements do not come within the definition thus given, for, if the statements of the driver merely constituted a narrative of a past event, elicited by questions propounded by the officer in investigating the circumstances of the collision, this does not make them a part of the transaction itself, but a mere history or narrative of the transaction, given afterward. The investigation and inquiry of the officer necessarily broke the continuity between the main fact sought to be elicited

and the narrative given of it, and we think that, under these circumstances, the evidence cannot be received as a part of the *res gestae*. *River, Rail & Harbor Cons. Co.* v. *Goodwin,* 105 Ark. 247; *Webb* v. *Kansas City Southern Ry. Co.,* 137 Ark. 107.''

The principles applicable in determining whether particular statements are admissible as a part of the *res gestae* were stated by Chief Justice Hart in the opinion in *Public Utilities Corp. of Ark.* v. *Cordell,* 184 Ark. 678, 43 S. W. 2d 746, as follows: ''No hard and fast rule on the subject can be laid down, and each case, in the very nature of things, must depend upon the accompanying facts. Various elements for consideration must be looked into. The declaration need not be strictly coincident with the act which caused the injury, but it must stand in immediate causal relation to that act and be a part of it. The declaration must be so near in point of time as to grow out of and explain the character and quality of the main fact, and must be so closely connected with it as to practically constitute but one entire transaction. The evidence offered as part of *res gestae* must not have the earmarks of a device, or an afterthought, or be merely a narrative of a past transaction. *Clinton* v. *Estes,* 20 Ark. 225; *Carr* v. *State,* 43 Ark. 104; *Little Rock, Mississippi River & Texas Ry. Co.* v. *Leverett,* 48 Ark. 333, 13 S. W. 50, 3 Am. St. Rep. 230; *Little Rock Traction & Electric Co.* v. *Nelson,* 66 Ark. 494, 52 S. W. 7; *Itzkowitz* v. *P. H. Ruebel & Co.,* 158 Ark. 454, 250 S. W. 535, and *Kansas City So. Ry. Co.* v. *Morris,* 80 Ark. 528, 98 S. W. 363.''

Appellee insists that even though Smith's statement to Knox was not a part of the *res gestae,* it was not sufficiently prejudicial to warrant a reversal under our holding in *Coca Cola Bottling Co. of Southwest Arkansas* v. *Carter,* 202 Ark. 1026, 154 S. W. 2d 824. It is true that we there held a driver's statement inadmissible but not prejudicial because there was ample substantial evidence aside from the statement to establish liability against the defendant. Although the judgment was not reversed, the verdict was drastically reduced in that case because of the error in admitting the statement. There

is no contention in the instant case that the verdict is excessive and a majority of the court is unwilling to say the statement here involved was not prejudicial in view of the implication that the jury might draw therefrom to the effect that appellant's driver preferred to protect his employer's cattle at the calculated risk of injuring appellee.

Appellant also complains the court erred in giving Instruction No. 3 requested by appellee over the specific objection that it affirmatively placed upon appellant's driver an unqualified duty to yield the right of way to appellee at the intersection. The instruction reads: "You are instructed that while it was the duty of the plaintiff Martin to bring his truck to a stop at the stop sign on the highway upon which he was traveling before entering the main highway, No. 67, at the intersection of the two highways, and to proceed cautiously, yielding to vehicles not required to stop which were within the intersection or were approaching it so closely as to constitute an immediate hazard; *it was likewise the duty of the driver of defendant's truck to yield the right of way to plaintiff*; and if you find from a preponderance of the evidence that plaintiff reached the intersection first and, acting as a reasonably prudent person should have acted under the circumstances and conditions as they appeared to him, had entered the intersection before the driver of defendant's truck reached said intersection and that the driver of defendant's truck negligently failed to yield the right of way to plaintiff, thus causing plaintiff's damages and injuries, if any, your verdict should be in favor of the plaintiff, unless you further find the plaintiff was guilty of contributory negligence as that term is defined in these instructions." (Italics supplied). Appellee concedes the instruction may have been awkwardly phrased and a majority of the court holds there is merit in appellant's contention that the jury may have considered it as an unqualified assertion of an affirmative duty on the part of appellant's driver to yield the right of way to appellee.

We have examined appellant's other contentions for reversal and find them to be without merit. It is the

opinion of the majority, in which the Chief Justice and the writer do not concur, that the admission of the statement of the appellant's driver to Knox after the collision and the giving of Instruction No. 3 as requested by appellee constituted prejudicial and reversible error. The judgment is accordingly reversed and the cause remanded for a new trial.