DONZELL COOK, ADM'X. *v.* J. D. PITRE

5-4205 414 S. W. 2d 854

Opinion delivered May 22, 1967

*Bernard Whetstone,* for appellant.

*Brown, Compton & Prewett,* for appellee.

PAUL WARD, Justice. This is an action to recover damages for the alleged unlawful killing of Luther. Cook, on February 25, 1965, by J. D. Pitre (appellee).

Suit was filed by Donzell Cook (widow of deceased) as administratrix of the Estate (appellant), alleging, in material parts, that; appellee wrongfully, wantonly, and maliciously shot the deceased in the back at a distance of seventy five yards, and that deceased had an earning capacity of approximately $2,000 a year. The prayer was for damages for the Estate, the widow and children.

For answer, appellee admits the killing but alleges he shot deceased following his attempt to escape after having been arrested for burglary. He further alleged that the shooting was justified under the law in that he acted as a "reasonable and prudent person in the exercise of his duty as a citizen to arrest and prevent the escape of a felon".

Upon trial the jury found in favor of appellee, and appellant seeks a reversal on two points of alleged error. One, "as a matter of law, the appellee was not justified in killing her husband and that a verdict should have been directed in her favor". Two, relates to the admissibility of certain testimony.

*One.* We do not agree with appellant's contention on this point.

It is first pointed out that appellant finds no fault with any instruction given to the jury, and none is found or discussed in her brief. It must therefore be assumed that the trial court correctly instructed the jury as to the law as it applies to this case.

Ark. Stat. Ann. § 41-2238 (Repl. 1964) reads, in material parts:

> "If any officer or private person attempt to take a person charged with . . . burglary, robbery . . . or any other crime made a felony by the statute laws of this State, and he be resisted in the endeavor to take the person accused, and by reason of such resistance the person so resisting be killed, the officer or private person so killing shall be justified."

The next section (41-2239) reads:

> "An officer or private person, to be justified in killing a person accused of any felony as herein provided, shall have used all reasonable efforts to take the accused without success, and there must have been, in all probability, no prospect of preventing injury from such resistance, or the escape of the person accused."

Following the above section is § 41-2240, which reads:

> "Justifiable homicide may consist in unavoidable necessity without any will or design, and without any inadvertence or negligence in the party killing."

Burglary is defined by Ark. Stat. Ann. § 41-1001 (Repl. 1964) as follows:

> "Burglary is the unlawful breaking or entering a house, tenement, railroad car, automobile, airplane, or any other building, although not specially named herein . . . by day or night, with the intent to commit any felony or larceny."

Ark. Stat. Ann. § 43-404 (Repl. 1964) reads:

"A private person may make an arrest, where he has reasonable grounds for believing that the person arrested has committed a felony."

*Testimony.* Set out below, in some detail, are the pertinent facts as disclosed by the record.

On February 25, 1964, the appellee was a conductor on the Chicago Rock Island and Pacific Railroad. Prior to this time, various railroad cars owned by the Rock Island had been broken into and various articles taken. A discussion between employees of the railroad was had and appellee decided he would make a stakeout of one of the cabooses on February 25, 1964. The appellee entered the caboose, locked it from the inside, and went into a washroom and began his wait. At the time, the appellee was armed with a .45 pistol which belonged to a fellow employee, but the pistol did not have a shell in the chamber. Some 10 to 15 minutes later, the appellee heard someone on the platform of the caboose, and heard noises which indicated to him that a glass pane was being taken out of the door, and the door being unlocked. The appellee waited a few seconds and then stepped from the washroom and confronted Luther Cook who had entered the caboose. Appellee then told Cook "lets go". The appellee then instructed Cook to go out the door and they proceeded towards the roundhouse. On the way to the roundhouse appellee told Cook he was taking him to jail. When the two men reached the roundhouse Cook broke and ran. The appellee shouted to Cook to stop and when he did not respond, he fired a warning shot near his feet. Appellee again shouted to Cook and when he did not stop appellee fired a second warning shot, but Cook continued to run. The appellee pursued Cook, and the pursuit led from the railroad yard and out into the residential section near the yard. During the time which appellee was pursuing Cook, the appellee passed various persons and asked these persons to call the po-

lice. It was beginning to get dark, and the appellee, after pursuing Cook for some 40 minutes, again shouted to Cook to stop, and when Cook continued to run, the appellee fired a third shot, trying to hit Cook in the leg or close enough to his feet to cause him to stop. This third shot hit Cook in the lower portion of his back.

Applying the above factual situation to the sections of the statutes copied previously, we find that the jury, under unchallenged instructions, was justified in finding the killing was justified, and therefore find the trial court did not err in refusing to direct a verdict for appellant.

In the early case of *Carr* v. *State,* 43 Ark. 99 (p. 105) this Court said:

> " 'A private person may make an arrest where he has reasonable grounds for believing that a person arrested has committed a felony.' "

The Court also approved the following statement:

> " 'If a person, having actually committed a felony, will not suffer himself to be arrested, but stand on his own defense, or fly, so that he can not possibly be apprehended alive by those who pursue him whether private persons, or public officers, with or without a warrant, from a magistrate, he may be lawfully slain by them.' "

In *Rayburn* v. *State,* 200 Ark. 914 (p. 919), 141 S. W. 2d 532, we said:

> "A private citizen, who is not an officer, may arrest, without a warrant, one who has committed a felony."

*Two.* (a) Appellant argues the trial court erred in refusing to allow testimony purporting to show three other persons were allowed to plead guity to a misde-

meanor for stealing items from the railroad cars on prior occasions. Also it is argued that it was error to allow appellee to show the deceased was drawing Social Security benefits. We find no reversibe error in either instance. What offenses others may have committed in the past could have no bearing on the offense with which the deceased was charged here. The nature of each offense obviously depends on the facts of that particular case. Nor do we understand how appellant was prejudiced by showing a source and the amount of deceased's income. Appellant, in her complaint, alleged he had an annual income of $2,000. Also, none of this testimony had any bearing on the question of appellee's justification for shooting the deceased.

Affirmed.